STATE OF NORTH CAROLINA v. JOHNNY EDWARD GRAHAM

No. 8726SC1121

(Filed 21 June 1988)

**1. Searches and Seizures § 23— narcotics—search warrant—probable cause**

The trial court did not err in a prosecution for trafficking in drugs by possessing more than 28 grams but less than 200 grams of cocaine by denying defendant's motion to suppress evidence seized under a search warrant on the grounds that there was no probable cause to search the premises as to defendant and that the warrant was fatally defective where the officers who applied for the warrant had received information from an informant who admitted past use of cocaine and who had previously given information that led to the arrest of at least six people, and the information provided a substantial basis for the probability that cocaine was present in the described residence and had been sold there within the preceding 48 hours. Even assuming that the warrant did not authorize a search of any occupants of the house, neither defendant nor his mother were searched under the authority of the warrant. N.C.G.S. § 15A-244.

**2. Narcotics § 4.3— trafficking in cocaine—constructive possession—evidence sufficient**

The trial court in a prosecution for trafficking in cocaine properly denied defendant's motion to dismiss where police officers found over 28 grams of cocaine and a letter addressed to defendant in a bedroom in the house; defendant's mother and father testified that defendant kept his clothes in the bedroom and used the room when he occasionally stayed there; and defendant admitted that he had moved the bags of cocaine from a closet to the box under the dresser. This evidence clearly raised an inference of constructive possession sufficient to be submitted to the jury.

APPEAL by defendant from *Sitton, Judge*. Judgment entered 23 June 1987 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 3 May 1988.

Defendant was charged in a proper bill of indictment with trafficking in drugs by possessing more than 28 grams but less than 200 grams of cocaine in violation of G.S. 90-95(h)(3). Evidence presented at trial tended to show the following facts.

On 20 October 1986, Charlotte police officers T. L. Sult and M. S. Faulkenberry obtained a search warrant authorizing a search of

> 2044 "B" Ave. Charlotte, N. C., Meck. Co., USA, & white 1960 Olds, tag NC APC9248 & approx. 1968 white stationwagon with woodgrain, parked in drive, & a b/m approx. 55 YOA, 160 lbs., 6'1" w/mustache, name of Farmer, & a b/f approx. 56 YOA, 180 lbs., about 5'4", and any occupants.

In their application for the search warrant, officers Sult and Faulkenberry set out the following to establish probable cause for the search warrant.

> We . . . had been informed by a reliable confidential inform-ant that he has been inside the above address within the past 48 hours and has seen cocaine inside the residence and co-caine is being sold at this time by the above occupants. The informant is familiar with how cocaine is packaged and sold on the streets and that he has used cocaine in the past. We have known this informant for three weeks and information provided by this informant has resulted in the seizure of con-trolled substances included in the N.C. Controlled Substance Act and led to the arrest of at least six individuals for viola-tions of the N.C. Controlled Substance Act.

Officers Sult, Faulkenberry, Young and Price executed the search warrant on 20 October 1986 at approximately 7:30 p.m. The officers knocked at the door and when no one answered, they entered the house. In one of the bedrooms the officers found 57 cellophane packets of cocaine in a box underneath a dresser. On top of the same dresser, the officers found a letter from the Charlotte Police Department addressed to defendant at 2044 "B" Avenue. The letter contained a photocopy of an officer's report of a house breaking at 2044 "B" Avenue which had occurred on 9 October 1986.

As the officers continued the search, Bertha Graham, defend-ant's mother, returned home and denied knowing about the co-caine. Shortly thereafter, defendant arrived and he was read his *Miranda* rights and taken to the police station. Defendant made a statement in which he said that he used 2044 "B" Avenue as his address and sometimes stayed there. He also stated that he knew

about the cocaine in the box in the bedroom and that it belonged to his father who was called "Farmer." He further stated that he moved the cocaine from a closet to the box to keep it away from his daughter.

Defendant's father, James Graham, also made a statement to police officers on 20 October 1986. James Graham was arrested for possessing four additional bags of cocaine, and he stated that the cocaine seized at the house belonged to him and that neither his wife nor defendant had anything to do with the cocaine. At trial, however, James Graham stated that he made the statement to protect his wife and that the cocaine seized at the house did not belong to him.

Bertha Graham testified at trial that the bedroom where the cocaine was found was defendant's room when he was there and contained defendant's clothes.

The jury found defendant guilty of trafficking in cocaine and he was sentenced to a fifteen-year term of imprisonment. From the judgment of the trial court, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Francis W. Crawley, for the State.*

*Assistant Public Defender Robert L. Ward for defendant appellant.*

ARNOLD, Judge.

[1] Defendant first contends that "the trial court erred in denying defendant's motion to suppress on the grounds that there was no probable cause to search the premises as to the defendant and that the warrant was fatally defective, and that any subsequent evidence obtained as a result was tainted and should have been excluded." Defendant's argument is not persuasive.

North Carolina law requires applications for search warrants to contain:

(1) The name and title of the applicant; and

(2) A statement that there is probable cause to believe that items subject to seizure under G.S. 15A-242 may be found in or upon a designated or described place, vehicle, or person; and

(3) Allegations of fact supporting the statement. The statements must be supported by one or more affidavits particularly setting forth the facts and circumstances establishing probable cause to believe that the items are in the places or in the possession of the individuals to be searched; and

(4) A request that the court issue a search warrant directing a search for and the seizure of the items in question.

G.S. 15A-244. "The affidavit is sufficient if it supplies reasonable cause to believe that the proposed search for evidence probably will reveal the presence upon the described premises of the items sought and that those items will aid in the apprehension or conviction of the offender." *State v. Arrington*, 311 N.C. 633, 636, 319 S.E. 2d 254, 256 (1984).

In *Arrington*, our Supreme Court adopted the "totality of circumstances" test set out in *Illinois v. Gates*, 462 U.S. 213, *reh'g denied*, 463 U.S. 1237 (1983), for determining the constitutionality of a magistrate's finding of probable cause. Under this test, the question is whether the evidence as a whole provides a substantial basis for concluding that probable cause exists. *State v. Williams*, 319 N.C. 73, 352 S.E. 2d 428 (1987). In applying the "totality of circumstances" test, "great deference should be paid a magistrate's determination of probable cause and . . . after-the-fact scrutiny should not take the form of a *de novo* review." *Arrington*, 311 N.C. at 638, 319 S.E. 2d at 258.

The facts in the present case were sufficient under the "totality of circumstances" test to support a finding of probable cause. Officers Sult and Faulkenberry received information from an informant who admitted past use of cocaine and who had previously given information that led to the arrest of at least six people. The information provided a substantial basis for the probability that cocaine was present in the described residence and had been sold there within the preceding 48 hours. The search warrant was supported by probable cause and authorized the search of the house. Even assuming *arguendo* that the warrant did not authorize a search of any occupants in the house, the record indicates that neither defendant nor his mother were searched under the authority of the warrant. Thus, the trial court

properly denied defendant's motion to suppress the evidence seized from the house.

[2] Defendant also contends that the trial court erred in denying his motion to dismiss because the evidence was insufficient. There was no error in denial of the motion.

In order to prove the offense of trafficking in cocaine, the State is required to present evidence that defendant possessed at least 28 grams of cocaine. G.S. 90-95(h)(3). Possession of a controlled substance may be actual or constructive. *State v. Harvey*, 281 N.C. 1, 187 S.E. 2d 706 (1972). "Constructive possession exists when a person, while not having actual possession, has the intent and capability to maintain control and dominion over a controlled substance." *State v. Williams*, 307 N.C. 452, 455, 298 S.E. 2d 372, 374 (1983). As the terms "intent" and "capability" suggest, constructive possession depends on the totality of circumstances in each case. *State v. James*, 81 N.C. App. 91, 93, 344 S.E. 2d 77, 79 (1986). No single factor controls, but ordinarily the question will be for the jury. *Id.*

In the case *sub judice*, police officers found over 28 grams of cocaine and a letter addressed to defendant in a bedroom in the house. Defendant's mother and father testified that defendant kept his clothes in the bedroom and used the room when he occasionally stayed there. Defendant admitted that he had moved the bags of cocaine from a closet to the box under the dresser. This evidence clearly raised an inference of constructive possession sufficient to be submitted to the jury. The trial court did not err in denying defendant's motion to dismiss.

No error.

Judges ORR and GREENE concur.