STATE OF NORTH CAROLINA v. JERVE BENJAMIN HAMILTON

No. COA00-926

(Filed 17 July 2001)

**1. Drugs— maintaining a dwelling to sell controlled substances—sufficiency of evidence**

The trial court erred by not dismissing a charge of maintaining a dwelling to keep or sell controlled substances where the facts could not be distinguished from *State v. Bowens*, 140 N.C. App 217, in which testimony that defendant was present in the dwelling on several occasions and that he lived at the address in question was not sufficient to support the conclusion that he kept or maintained the dwelling.

**2. Drugs— cocaine—constructive possession—defendant not in dwelling**

The trial court erred by not dismissing a charge of possession of crack cocaine with intent to sell or deliver where the evidence might have raised a strong suspicion of constructive possession, but defendant was not in the apartment when the crack was found and the evidence did not lead to the conclusion that he had exclusive use of the apartment, maintained the apartment as a residence, or had any apparent interest in the apartment or the crack cocaine.

Appeal by defendant from judgment entered 24 March 1999 by Judge E. Lynn Johnson in Superior Court, Wake County. Heard in the Court of Appeals 21 May 2001.

*Attorney General Roy Cooper, by Special Deputy Attorney General Thomas D. Zweigart, for the State.*

*John T. Hall, for defendant-appellant.*

McGEE, Judge.

Jerve Benjamin Hamilton (defendant) appeals from a judgment entered following a jury verdict finding him guilty of intentionally maintaining a dwelling used for the purpose of unlawfully keeping and selling controlled substances and of possession with intent to sell or deliver cocaine. Defendant was given a suspended sentence of a minimum of eight months and a maximum of ten months and placed on supervised probation for a term of thirty-six months.

In early April 1998, Detective Ken Huff (Huff) of the Raleigh Police Department began a surveillance of 211 Ashe Avenue, Apartment 16. During that time, Huff observed defendant coming and going from the apartment on several occasions during the day and night. Huff further determined that the apartment was leased to Tenesha Blanks (Blanks), defendant's girlfriend, and that three vehicles registered to Blanks were regularly parked in front of the residence. Two of the vehicles, a motorcycle and one car, were used regularly by defendant.

Based on information received from an informant, Huff obtained a warrant to search 211 Ashe Avenue, Apartment 16 for illegal drugs on 30 April 1998. Huff also gathered information that a murder suspect might be inside the apartment. Detective B.G. Young (Young) began surveillance shortly before 1:00 p.m. and within ten minutes, he observed defendant exiting the apartment. Young called for uniformed officers, who stopped defendant as he was leaving the apartment complex and took him to the police station. After defendant's departure, Young observed Blanks leave the apartment, a woman approach the apartment and speak to someone at the door and then depart, and a man enter the apartment.

Approximately thirty minutes after defendant was detained, Huff arrived at 211 Ashe Avenue, Apartment 16 to execute the search warrant. Three men were found in the apartment at the time of the search. During the search, Huff seized 23.3 grams of crack cocaine hidden behind a pedestal sink in the bathroom; 3.2 grams of marijuana in two clear zip-lock bags, one bag in plain view on a coffee table and one bag hidden beneath a chair cushion; digital scales in

plain view on the coffee table; ten small bags with marijuana residue; a .45 caliber Ruger pistol; .45 caliber bullets; a black ammunition magazine for a MAC-10 automatic pistol; several cell phones; a pager; and a book entitled, "Counterfeit ID Made Easy." After executing the search, Huff returned to the police station and formally arrested and charged defendant. He seized $1,771 in cash from defendant's person and a traffic citation with defendant's name on it listing defendant's address as "211 Ashe Street." However, at trial, Huff testified that he could not remember if the citation came from the person of defendant or the apartment.

At the close of the State's evidence and again before sentencing, defendant moved to dismiss the charges against him. The trial court denied the motions. Defendant presented no evidence at trial.

I.

[1] Defendant argues on appeal that the trial court erred in denying his motion to dismiss the charge of intentionally maintaining a dwelling to keep and sell controlled substances because the State presented insufficient evidence to support the charge. The State concedes in its brief that under *State v. Bowens*, 140 N.C. App. 217, 535 S.E.2d 870 (2000), *disc. review denied*, 353 N.C. 383, 547 S.E.2d 417 (2001), the facts in the case before us cannot be distinguished from the facts in *Bowens*. Our Court held in *Bowens* that the defendant's motion to dismiss the charge of maintaining a dwelling to keep or sell controlled substances should have been granted because there was

> no evidence Defendant was the owner or the lessee of the dwelling, or that he had any responsibility for the payment of the utilities or the general upkeep of the dwelling. Testimony Defendant was present at the dwelling on several occasions and testimony he lived "[a]t 1108 Carolina Street" cannot alone support a conclusion Defendant kept or maintained the dwelling.

*Id.* at 222, 535 S.E.2d at 873. We agree the facts in *Bowens* cannot be distinguished from the facts in this case, and we therefore hold that the trial court erred in failing to dismiss the charge of maintaining a dwelling to keep or sell controlled substances against defendant.

II.

[2] Defendant next argues that the trial court erred in denying his motion to dismiss the charge of possession with intent to sell or deliver cocaine. We agree.

Our Supreme Court has stated that:

> In determining whether to grant a defendant's motion to dismiss, the trial court must consider all the evidence admitted in the light most favorable to the State and decide whether there is substantial evidence of each element of the offense charged and that the defendant committed it. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . . If the evidence 'is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it, the motion for nonsuit should be allowed. . . . This is true even though the suspicion so aroused by the evidence is strong.' "

*State v. McLaurin*, 320 N.C. 143, 146-47, 357 S.E.2d 636, 638 (1987) (citations omitted).

The State must present substantial evidence of defendant's possession of a controlled substance and of defendant's intent to sell or deliver that substance. *See* N.C. Gen. Stat. § 90-95(a)(1) (1999); *State v. Carr*, 122 N.C. App. 369, 470 S.E.2d 70 (1996). We first consider whether the State presented substantial evidence of defendant's possession of cocaine. Possession of a controlled substance may be either actual or constructive.

> [If the] defendant was not present when law enforcement officers discovered the [controlled substance], the State [must] rely on the doctrine of constructive possession to prove that the [controlled substance] belonged to [the] defendant. A person has constructive possession of a controlled substance when "he has both the power and intent to control its disposition or use." However, if . . . the defendant does not have exclusive control of the premises in which the controlled substance[] [was] found, "there must be evidence of other incriminating circumstances to support constructive possession."

*State v. Morgan*, 111 N.C. App. 662, 665, 432 S.E.2d 877, 879 (1993) (citations omitted).

The State cites *State v. Davis*, 325 N.C. 693, 386 S.E.2d 187 (1989) and *State v. Brown*, 310 N.C. 563, 313 S.E.2d 585 (1984) for its position that there was substantial evidence defendant constructively possessed the crack cocaine. In each case, however, the defendant was present in the dwelling and in close proximity to a controlled substance during the search. The present case is dis-

tinguishable in that defendant was not at the apartment when the search occurred.

Our prior case law has required that in order to show constructive possession by a defendant not present when a controlled substance was discovered, the State must present evidence that the defendant had exclusive use of the premises, maintained the premises as a residence, or had some apparent proprietary interest in the premises or the controlled substance. In *State v. Williams,* 307 N.C. 452, 456, 298 S.E.2d 372, 375 (1983), although the defendant was absent during the search, he "was seen in the yard [of] the residence . . . on . . . four occasions within two weeks of the [search that located the heroin;] bills addressed to [the] defendant . . . were found [at the residence;] . . . [and] [t]he mailbox in front of the house bore [the defendant's] name[.]"

In *State v. Morgan,* 111 N.C. App. 662, 432 S.E.2d 877 (1993), while searching the back bedroom and bathroom of an apartment, police found a bag of clothing, $2,600 cash including marked bills from a sale to an undercover officer, a traffic citation and a warrant for arrest with the defendant's name on them, and cocaine. In *Morgan,* testimony established that the defendant had a key to the apartment, was the only person to use the back bedroom and bathroom, and the cocaine belonged to no other occupant of the apartment.

In *State v. Peek,* 89 N.C. App. 123, 126, 365 S.E.2d 320, 323 (1988),

evidence showed that a telephone bill and other pieces of mail, addressed to [the] defendant . . . were found in [a] bedroom; that [the] defendant's minor son appeared at the house during the . . . search . . . that [the] defendant was arrested inside the house ten days later; and that contraband was found in four different rooms, some of it in plain view and some of it hidden.

*See also State v. Baxter,* 285 N.C. 735, 208 S.E.2d 696 (1974) (marijuana found in a drawer beneath male clothing and in pocket of a man's coat in an apartment where only the defendant and his wife lived and wife was only person present at time of search); *State v. Allen,* 279 N.C. 406, 183 S.E.2d 680 (1971) (heroin found in room near papers with the defendant's name on them and residence's public utilities listed in the defendant's name); *State v. Graham,* 90 N.C. App. 564, 369 S.E.2d 615 (1988) (cocaine found in bedroom along with letter addressed to the defendant; parents testified the defendant kept

clothes in bedroom and used room on occasion; the defendant admitted moving bags of cocaine from a closet to a box); *cf. State v. McLaurin*, 320 N.C. 143, 146, 357 S.E.2d 636, 638 (1987) (evidence that the defendant resided at a residence where drug paraphernalia was found in drawers and in plain view was insufficient to show constructive possession of the paraphernalia because her control of the premises "was patently nonexclusive" in that the defendant had not been seen "entering or leaving [the house] the day of the search" while her husband and another man had both been seen doing so and "[n]o other incriminating circumstances were . . . apparent . . . that might [have] suffice[d] to carry the case to the jury[.]").

When the evidence presented lacks incriminating circumstances showing defendant's exclusive use of the premises, maintenance of the premises as a residence, or some apparent proprietary interest in the premises or the controlled substance, our Supreme Court has. held that the trial court should dismiss the charge of possession of the controlled substance. In *State v. Minor*, 290 N.C. 68, 224 S.E.2d 180 (1976), the defendant was arrested for possession of a marijuana field. The evidence in the case taken in the light most favorable to the State showed:

> (1) that [the] defendant . . . had been a visitor at an abandoned house leased or controlled by [the] co-defendant . . . (2) that the marijuana field was 100 feet . . . from the house . . . (3) that the marijuana field was accessible by three different routes; (4) that on the date of [the defendant's] arrest he was on the front seat of a[n]. . . automobile owned and operated by [the co-defendant], where some wilted marijuana leaves were found on the . . . rear floorboard and . . . in the trunk.

*Id.* at 74-75, 224 S.E.2d at 185. Our Supreme Court held that "[t]he most the State [had] shown [was] that [the] defendant had been in an area where he could have committed the crimes charged." *Id.* at 75, 224 S.E.2d at 185.

In the case before us, the evidence taken in the light most favorable to the State showed that: 211 Ashe Avenue, Apartment 16 was leased to Blanks, defendant's girlfriend; during the month prior to the search, the police had often observed defendant at the apartment; approximately thirty minutes before the search, defendant exited the apartment, was stopped by uniformed officers, and was taken to the police station; and soon thereafter, Blanks left the apartment, another woman approached the apartment and was seen speaking to some-

one at the door, and a man entered the apartment. The apartment was then searched, and three adult men were located in the apartment. The 23.3 grams of crack cocaine was hidden behind a pedestal sink in the bathroom and was seized by the police, along with other items. A subsequent search of defendant's person at the police station revealed $1,771 in cash. Finally, a traffic citation with defendant's address listed as "211 Ashe Street" was seized either from the apartment or the person of defendant.

Although the evidence may raise a strong suspicion that defendant constructively possessed the crack cocaine, this evidence does not lead to the conclusion that defendant had exclusive use of the apartment, maintained the apartment as a residence, or had any apparent proprietary interest in the apartment or the crack cocaine. See McLaurin, 320 N.C. at 146-47, 357 S.E.2d at 638-39. Evidence that raises only a strong suspicion without producing any incriminating circumstances does not reach the level of substantial evidence necessary for the denial of a motion to dismiss. Id. Just as in Minor, "[t]he most the [S]tate showed was that defendant had been in an area where he could have committed the crime[] charged." Minor, 290 N.C. at 75, 224 S.E.2d at 185. Since substantial evidence of possession was not presented by the State, we need not consider whether the State presented substantial evidence of intent to sell or deliver. We conclude that the trial court erred in denying defendant's motion to dismiss the charge of possession with intent to sell or deliver cocaine.

We conclude that the trial court erred in not dismissing both charges against defendant. We have reviewed defendant's remaining assignment of error on appeal and find it to be without merit. The judgments and convictions against defendant are reversed.

Reversed.

Chief Judge EAGLES and Judge TYSON concur.