STATE OF NORTH CAROLINA v. FRANKLIN McNEIL

No. COA03-460

(Filed 17 August 2004)

**1. Drugs— possession of cocaine with intent to sell and deliver—sufficiency of evidence**

There was sufficient evidence of defendant's possession of cocaine with intent to sell or deliver where an officer stopped two men while investigating a report of cocaine sales; the men appeared nervous and defendant put his hand in his pocket; when told to remove his hand from his pocket, defendant fled the scene; he was eventually captured and rocks of crack cocaine were found behind a chair where defendant had put his arm; an officer testified that defendant had admitted possession of the crack, although defendant denied the statement; and the crack was in twenty-two pieces with a total weight of 5.5 grams, individually wrapped, and placed in the corner of a paper bag.

**2. Search and Seizure— guest—insufficient privacy interest**

The trial court did not err by denying a motion to suppress cocaine seized from a house into which defendant had fled. Although defendant described himself as a frequent guest at the residence, he did not assert a possessory or property interest and there was no evidence that he was legitimately on the premises at the time of the search.

**3. Sentencing— habitual felon—certified copies of judgment sheets**

There was no plain error during a habitual felon proceeding in the introduction of certified copies of defendant's previous judgment sheets. Defendant's counsel was given the opportunity to inspect the authenticity of the documents but offered no evidence challenging their authenticity or the veracity of the convictions. N.C.G.S. § 8C-1, Rules 901(b)(7), 902; N.C.G.S. § 14-7.4.

Judge ELMORE dissenting.

Appeal by defendant from judgment entered 26 November 2002 by Judge Orlando F. Hudson, Jr., in Durham County Superior Court. Heard in the Court of Appeals 26 February 2004.

*Attorney General Roy Cooper, by Special Deputy Attorney General Thomas J. Pitman, for the State.*

*Hosford & Hosford, P.L.L.C., by Sofie W. Hosford, for defendant-appellant.*

TIMMONS-GOODSON, Judge.

Franklin McNeil ("defendant") appeals his convictions for possession with intent to sell or deliver cocaine and attaining habitual felon status. For the reasons discussed herein, we hold that defendant received a trial free of prejudicial error.

The State's evidence presented at trial tends to show the following: On 31 August 2001, Durham County Police Department Officer J.R. Broadwell ("Officer Broadwell") was investigating a complaint that drug sales were occurring in front of a residence located on 1108 Fargo Street. As Officer Broadwell approached the 1100 block of Fargo Street, he noticed defendant and another individual ("Keech") standing in front of 1108 Fargo Street. When they saw Officer Broadwell's police vehicle approaching, defendant and Keech quickly

walked away from 1108 Fargo Street. After stopping defendant and Keech to ask them where they lived, Officer Broadwell noticed that the two men were "nervous," and he decided to conduct a pat-down search of Keech. While performing the search of Keech, Officer Broadwell saw defendant put his hand into his right front pocket. When Officer Broadwell ordered defendant to take his hand out of his pocket, defendant "took off running down Fargo Street towards Umstead [Street]."

Officer Broadwell pursued defendant down Fargo Street and inside a residence located at the corner of Fargo Street and Umstead Street. Officer Broadwell continued to pursue defendant inside the residence and into a room in the rear of the residence. Upon reaching the rear room of the residence, defendant jumped and "went over the top of [a] chair with his arm." Officer Broadwell approached defendant and unsuccessfully attempted to pull defendant from behind the chair. Officer Broadwell eventually pulled defendant away from the chair, and he and defendant continued to struggle through "several rooms of the house." Officer Broadwell ultimately pulled defendant to the floor of the kitchen of the residence, at which time he placed defendant in custody.

A short period of time later, several assisting officers arrived at the residence. After securing defendant, Officer Broadwell searched the room where he and defendant had first struggled. Behind the chair that defendant had previously lunged over, Officer Broadwell found twenty-two individually wrapped white rock substances Officer Broadwell believed were pieces of crack cocaine.

Officer Broadwell then escorted defendant to his police vehicle, which was parked where Officer Broadwell had first encountered defendant and Keech. As he searched the area around the vehicle, Officer Broadwell found three small bags containing an off-white powdered substance Officer Broadwell believed was cocaine. According to Officer Broadwell, defendant stated "[t]hat the crack was his but that the bags . . . on the ground were not." Subsequent laboratory tests revealed the off-white rock substances to be crack cocaine and the off-white powdered substance to be baking soda.

On 4 March 2002, defendant was indicted for possession with intent to sell and deliver cocaine and attaining habitual felon status.[1]

---

1. Although we note that the indictment sheet charges defendant with "possession with intent to sell *and* deliver cocaine," defendant was convicted and sentenced for "possession with intent to sell *or* deliver cocaine." In order to remain consistent

Prior to trial, defendant moved the trial court "to suppress the tangible evidence seized by law enforcement officers in violation of his rights under the Fourth Amendment to the Constitution and Constitution of the State of North Carolina." The trial court subsequently denied the motion, and defendant was tried 21 November 2002.

At trial, defendant denied having made any statement to Officer Broadwell regarding the controlled substances Officer Broadwell seized during defendant's arrest. Defendant testified that he and Keech were walking down Fargo Street because Keech wanted to "retrieve something that he had left there." Defendant further testified that he ran after Officer Broadwell asked him to remove his hands from his pockets because "me and my wife had had a little fabrication [sic] and I didn't know if she had taken a warrant out on me or not." Defendant also testified that the residence he ran inside of was where "everybody goes to smoke this stuff that they have and drink."

At the close of all the evidence, the jury found defendant guilty of possession with intent to sell or deliver cocaine and guilty of attaining habitual felon status. The trial court determined that defendant had a prior record level IV, and on 26 November 2002, the trial court sentenced defendant to 133 to 169 months incarceration. Defendant appeals.

As an initial matter, we note that defendant's brief contains arguments supporting only four of his original five assignments of error. Pursuant to N.C.R. App. P. 28(b)(6) (2004), the omitted assignment of error is deemed abandoned. Therefore, we limit our present review to those assignments of error properly preserved by defendant for appeal.

The issues on appeal are: (I) whether the trial court erred by denying defendnt's motion to dismiss the charge of possession with intent to sell or deliver cocaine; (II) whether the trial court erred by denying defendant's motion to suppress the evidence seized during defendant's arrest; and (III) whether the trial court erred by allowing the State to introduce into evidence copies of defendant's previous judgments.

with both the verdict sheet and the judgment and commitment sheet, we will hereinafter refer to the charge as "possession with intent to sell or deliver cocaine."

STATE v. McNEIL

[165 N.C. App. 777 (2004)]

[1] Defendant first argues that the trial court erred by denying his motion to dismiss the charge of possession with intent to sell or deliver cocaine. Defendant asserts that the State failed to offer sufficient evidence to support each element of the charge. We disagree.

When ruling on a motion to dismiss, "[t]he trial court's inquiry is limited to a determination of 'whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense.'" *State v. Butler*, 356 N.C. 141, 145, 567 S.E.2d 137, 139 (2002) (quoting *State v. Crawford*, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Franklin*, 327 N.C. 162, 171, 393 S.E.2d 781, 787 (1990). "[A]ll of the evidence should be considered in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence." *State v. Davis*, 130 N.C. App. 675, 679, 505 S.E.2d 138, 141 (1998).

"The offense of possession with intent to sell or deliver has the following three elements: (1) possession of a substance; (2) the substance must be a controlled substance; (3) there must be intent to sell or distribute the controlled substance." *State v. Carr*, 145 N.C. App. 335, 341, 549 S.E.2d 897, 901 (2001); N.C. Gen. Stat. § 90-95(a)(1) (2003). However, "'[i]n a prosecution for possession of contraband materials, the prosecution is not required to prove actual physical possession of the materials.'" *State v. Matias*, 354 N.C. 549, 552, 556 S.E.2d 269, 270 (2001) (quoting *State v. Perry*, 316 N.C. 87, 96, 340 S.E.2d 450, 456 (1986)). Instead, "[p]ossession of a controlled substance may be either actual or constructive." *State v. Hamilton*, 145 N.C. App. 152, 155, 549 S.E.2d 233, 235 (2001). As long as the defendant "has the intent and capability to maintain control and dominion over" the controlled substance, he can be found to have constructive possession of the substance. *State v. Beaver*, 317 N.C. 643, 648, 346 S.E.2d 476, 480 (1986). Incriminating circumstances, such as evidence placing the accused within close proximity to the controlled substance, may support a conclusion that the substance was in the constructive possession of the accused. *See State v. Harvey*, 281 N.C. 1, 12-13, 187 S.E.2d 706, 714 (1972). Thus, where sufficient incriminating circumstances exist, constructive possession of a controlled substance may be inferred even where possession of a premises is nonexclusive. *See State v. Brown*, 310 N.C. 563, 569, 313 S.E.2d 585, 588-89 (1984).

In the instant case, Officer Broadwell testified that his patrol of Fargo Street was based upon a report that drugs were being sold in the area in front of 1108 Fargo Street. Officer Broadwell testified that, upon his arrival in the area, he noticed defendant and Keech standing in front of 1108 Fargo Street. Officer Broadwell further testified that, as his police vehicle approached the 1100 block of Fargo Street, the two men began to walk quickly away from the vehicle and towards Umstead Street. When Officer Broadwell questioned defendant and Keech, both men acted nervous and each looked at the other before answering. Officer Broadwell testified that defendant was shaking and put his right hand in his pocket while Officer Broadwell was conducting a pat-down search of Keech. Officer Broadwell testified that after he instructed defendant to remove his hands from his pockets, defendant fled the area and ran towards Umstead Street.

Officer Broadwell testified that while he was chasing defendant, defendant was never out of his eyesight. Officer Broadwell further testified that while in the back room of the residence located at the corner of Fargo Street and Umstead Street, he noticed defendant put his right hand behind a chair. Officer Broadwell testified that "immediately" after securing defendant, he returned to the room where the chair was located and found twenty-two rocks that he believed to be crack cocaine. Officer Broadwell further testified that when he and defendant returned to Officer Broadwell's police vehicle, defendant admitted to possessing the crack cocaine the officer had found behind the chair.

We conclude that the State presented sufficient evidence to establish that defendant possessed the cocaine. As discussed above, upon a motion to dismiss, the trial court need only "decide whether there is substantial evidence of each element of the offense charged." *Id.* at 566, 313 S.E.2d at 587. Contradictions or discrepancies in the evidence are matters left to the jury. *Id.* Therefore, although at trial defendant denied making any statement to Officer Broadwell regarding the cocaine, the credibility of Officer Broadwell's testimony was a question left to the jury to decide; neither defendant's denial of the statement nor defendant's alternative explanation for his behavior warranted dismissal of the charge. *State v. Locklear*, 322 N.C. 349, 357-58, 368 S.E.2d 377, 383 (1988).

A defendant's intent to sell or deliver a controlled substance may be shown by the "ordinary circumstantial evidence such as the amount of the controlled substance possessed and the nature of its packaging and labeling[.]" *State v. Casey*, 59 N.C. App. 99, 118, 296

S.E.2d 473, 484 (1982). In the instant case, the crack cocaine had a total weight of 5.5 grams, was individually wrapped in twenty-two pieces, and was placed in the corner of a paper bag. Thus, we conclude that the State also presented sufficient evidence to establish that defendant intended to sell or deliver the cocaine. Therefore, we hold that the trial court did not err in denying defendant's motion to dismiss the charge of possession with intent to sell or deliver cocaine.

[2] Defendant next argues that the trial court erred by denying his motion to suppress the evidence seized during his arrest. Defendant asserts that Officer Broadwell violated his Fourth Amendment rights by following him into the residence located at the corner of Fargo Street and Umstead Street. We disagree.

"The Fourth Amendment protects the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." State v. Wiley, 355 N.C. 592, 602, 565 S.E.2d 22, 32 (2002) (citing U.S. Const. amend. IV and N.C. Const. art. I, §§ 18, 19, 23), cert. denied, 537 U.S. 1117, 154 L. Ed. 2d 795 (2003). However, it is well established that protection under the Fourth Amendment only extends to those areas where an individual has a "legitimate expectation of privacy, which has two components: (1) the person must have an actual expectation of privacy, and (2) the person's subjective expectation must be one that society deems to be reasonable." Id. Thus, our courts have extended Fourth Amendment protection only to those persons who have a reasonable expectation of privacy in the premises searched. Rakas v. Illinois, 439 U.S. 128, 143, 58 L. Ed. 2d 387, 401 (1978), reh'g denied, 439 U.S. 1122, 59 L. Ed. 2d 83 (1979); State v. Jones, 299 N.C. 298, 306, 261 S.E.2d 860, 865 (1980); Casey, 59 N.C. App. at 113, 296 S.E.2d at 482.

In the instant case, we are not convinced that defendant possesses a reasonable expectation of privacy in the residence located at the corner of Fargo Street and Umstead Street. Although defendant describes himself as a "frequent guest" of the residence, there is no indication that defendant was legitimately on the premises at the time of the search. In fact, Officer Broadwell testifed at trial that he pursued defendant through a door of the residence that defendant "threw" open. Furthermore, defendant does not assert either a property or possessory interest in the premises. Thus, even when considered in the light most favorable to defendant, "[t]he evidence reveals only an earlier presence and accessibility and neither is sufficient to

establish the requisite 'privacy interest' in the absence of additional information." *State v. Ford*, 71 N.C. App. 748, 751, 323 S.E.2d 358, 361 (1984) (citing *State v. Taylor*, 298 N.C. 405, 416, 259 S.E.2d 502, 508-09 (1979)), *disc. review denied and appeal dismissed*, 313 N.C. 511, 329 S.E.2d 397 (1985). Therefore, we hold that the trial court did not err in denying defendant's motion to suppress the evidence seized as a result of defendant's arrest.

**[3]** Defendant's final argument is that the trial court committed plain error by allowing the State to introduce into evidence copies of defendant's previous judgments during the habitual felon proceedings. We note that defendant neither objected to nor challenged the admission of the judgment sheets at trial. However, on appeal defendant asserts that the admission of the judgment sheets without proper authentication was plain error. Under plain error review, defendant has the burden of convincing this Court: "(i) that a different result probably would have been reached but for the error or (ii) that the error was so fundamental as to result in a miscarriage of justice or denial of a fair trial." *State v. Bishop*, 346 N.C. 365, 385, 488 S.E.2d 769, 779 (1997). We conclude that defendant has not met this burden.

N.C. Gen. Stat. § 8C-1, Rule 901(b)(7) (2003) provides that "[e]vidence that a writing authorized by law to be recorded or filed . . . is from the public office where items of this nature are kept" is generally sufficient to satisfy the requirements necessary to introduce the document into evidence. However, N.C. Gen. Stat. § 8C-1, Rule 902 (2003) provides that

> Extrinsic evidence of authenticity as a condition precedent to admissibility is *not required* with respect to . . . [a] copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification[.]

N.C. Gen. Stat. § 8C-1, Rule 902(4) (emphasis added). Similarly, N.C. Gen. Stat. § 14-7.4 (2003) provides that

> In all cases where a person is charged under the provisions of this Article with being an habitual felon, the record or records of prior convictions of felony offenses shall be admissible in evidence, but only for the purpose of proving that said person has been convicted of former felony offenses. *A prior conviction may be*

**STATE v. McNEIL**

[165 N.C. App. 777 (2004)]

*proved by stipulation of the parties or by the original or a certified copy of the court record of the prior conviction. The original or certified copy of the court record, bearing the same name as that by which the defendant is charged, shall be prima facie evidence that the defendant named therein is the same as the defendant before the court, and shall be prima facie evidence of the facts set out therein.*

(emphasis added).

In the instant case, during the habitual felon stage of defendant's trial, the State introduced into evidence three certified copies of judgment sheets from three of defendant's previous felony convictions. Defendant's trial counsel was given an opportunity to inspect the authenticity of the documents prior to their introduction into evidence. Defendant offered no evidence at trial nor on appeal to this Court that challenges the authenticity of the certified judgment sheets or the veracity of the convictions. Instead, defendant contends that the trial court should not have allowed the documents to be introduced until a witness testified to their authenticity and was cross-examined by defendant. However, in light of the statutes detailed above, we are unable to conclude that the trial court's decision in the case was a "fundamental error" that resulted in a "miscarriage of justice" or denied defendant a fair trial. Therefore, we hold that the trial court did not commit plain error by allowing the State to introduce into evidence the certified copies of defendant's prior felony conviction judgment sheets.

No error.

Judge BRYANT concurs.

Judge ELMORE dissents.

ELMORE, Judge, dissenting.

I agree with the majority's decision except on the issue of the motion to dismiss. On that issue, I respectfully dissent.

Defendant was forty-five years old at the time judgment was entered against him in this case. He worked as a handyman in his neighborhood, cutting grass, raking leaves, and doing odd jobs. On 31 August 2001 defendant was cutting grass and Mr. Keech, a friend, was assisting him. When they finished, at around 2:30 or 3:00 in the after-

noon, the two men walked down the street. Defendant testified at trial that they went down the street because Mr. Keech wanted to "retrieve something that he had left there." Defendant testified that they were walking to 1201 Fargo Street.

That same afternoon, Officer Broadwell was dispatched to 1108 Fargo Street following receipt of a complaint of drug sales taking place in the street in front of that address. When Officer Broadwell arrived, he found defendant and Keech standing in the road in front of 1108 Fargo Street. Officer Broadwell testified that he saw no other people in the area. He asked the men to stop for a second, and they complied. He testified that both men appeared nervous. Officer Broadwell conducted a pat down search of Mr. Keech, at which time defendant shoved his hand into his right front pant pocket. Defendant denied on the witness stand having put his hand into his pocket. Officer Broadwell testified that he asked defendant to take his hand out of his pocket, at which point defendant ran down the street and into the house at 1201 Fargo Street. Defendant testified that he was afraid because he assumed his wife had called the police concerning a domestic incident. He also testified that he knew the residence at 1201 Fargo Street because it was where "everybody goes to smoke this stuff that they have and drink. . . ."

Officer Broadwell pursued defendant into the house and chased him through four rooms. In a room in the back of the house, defendant jumped over the top of a large chair. Officer Broadwell tackled defendant and attempted to pull him from his position on and partially behind the chair to the floor. Defendant struggled with Officer Broadwell, trying to get away. Officer Broadwell finally pinned defendant to the kitchen floor and handcuffed him. Officer Broadwell returned to the room with the large chair and looked behind the chair. He found more than twenty individually wrapped packages of crack cocaine totaling 5.5 grams on the floor behind the chair.

Officer Broadwell then escorted defendant back to his patrol car. In the area where Officer Broadwell had searched Mr. Keech, he found three more small bags of an off-white substance. Officer Broadwell testified that defendant then spontaneously stated that the substance on the ground wasn't his, but that the crack cocaine was his. Defendant denied on the witness stand having made any statement to the officer.

Defendant assigns error to the trial court's denial of his motion to dismiss the charge of possession with intent to sell and deliver

cocaine because, he argues, the state did not prove he constructively possessed the cocaine.

The standard by which we review the trial court's ruling on a motion to dismiss is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. *State v. Scott*, 356 N.C. 591, 594-97, 573 S.E.2d 866, 868-69 (2002). If so, the motion is properly denied. If the evidence is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it, the motion should be allowed. *Id.* In analyzing a motion to dismiss, the trial court must consider the evidence in the light most favorable to the State. *State v. Davis*, 325 N.C. 693, 696, 386 S.E.2d 187, 189 (1989). The State is given every reasonable inference to be drawn from the evidence. *Id.* If substantial evidence exists, whether direct, circumstantial, or both, supporting a finding that the offense charged was committed by the defendant, the case must be left for the jury. *Id.* at 696-97, 386 S.E.2d at 189. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984).

Our Supreme Court has explained the doctrine of constructive possession:

> Constructive possession exists when the defendant, "while not having actual possession, . . . has the intent and capability to maintain control and dominion over" the narcotics. "Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession." "However, unless the person has exclusive possession of the place where the narcotics are found, the State must show other incriminating circumstances before constructive possession may be inferred."

*State v. Butler*, 356 N.C. 141, 146, 567 S.E.2d 137, 140 (2002) (citations omitted).

Our Courts recognize constructive possession when a defendant, although not present in the location, has exclusive control of the location where the substance is found. However, "where possession of the premises [by defendant] is nonexclusive, constructive

possession of the contraband materials may not be inferred without other incriminating circumstances." *Brown*, 310 N.C. at 569, 313 S.E.2d at 589.

In the *Butler* case, quoted above, the Supreme Court held that sufficient "other incriminating circumstances" existed where the defendant walked briskly away from officers, repeatedly looked back at the officers who followed him, entered a cab, bent over as if to place something under the driver's seat, was asked to exit the cab by officers, and walked away from the cab to talk with the officers. The defendant in *Butler* was in the cab for less than two minutes, and another passenger occupied the cab before drugs were found under the driver's seat in the cab several minutes later. That passenger was known to the cab driver.

In cases where other incriminating circumstances do not exist our Courts have required further proof of a proprietary interest in the location where the substance is found. *See State v. Hamilton*, 145 N.C. App. 152, 157, 549 S.E.2d 233, 236 (2001) ("When the evidence presented lacks incriminating circumstances showing defendant's exclusive use of the premises, maintenance of the premises as a residence, or some apparent proprietary interest in the premises or the controlled substance, our Supreme Court has held that the trial court should dismiss the charge of possession of the controlled substance").

Control of the location sufficient for constructive possession may be found in an instance where a defendant shows some proprietary interest in the premises, for example if he possesses a key to the premises, receives mail there, or there is evidence that he resides there. *See Brown*, 310 N.C. at 569-70, 313 S.E.2d at 589 (sufficient control shown where defendant had on his person a key to the residence being searched and on every occasion the police observed defendant prior to the date of the search defendant was at the residence in question); *State v. Allen*, 279 N.C. 406, 412, 183 S.E.2d 680, 684-85 (1971) (sufficient control shown where utilities at the residence were in defendant's name, personal papers including an Army identification card bearing defendant's name were found on the premises and evidence that drugs belonged to defendant and were being sold at defendant's direction); *State v. Rich*, 87 N.C. App. 380, 382, 361 S.E.2d 321, 323 (1987) (sufficient control shown where defendant was seen on the premises the evening before the search, seen cooking dinner on the premises on the night of the search, mail

STATE v. McNEIL

[165 N.C. App. 777 (2004)]

was found on the premises addressed to the defendant and an insurance policy listing the premises in question as defendant's residence was also found on the premises).

In the case at bar, the evidence, taken in the light most favorable to the State, did not show that defendant had a proprietary interest in or exclusive control over the location where the drugs were found. The record is silent as to who possessed the house and whether any other persons were present in the house at the time of the arrest. There was no evidence that defendant possessed a key, paid for any utilities there, was welcome to enter at will, spent much time there, or received any mail there. There was also no evidence that the house was free of drugs before defendant entered.

While there was some evidence of other incriminating circumstances, that evidence was not substantial. Defendant attributed his nervousness to a fear that there was a warrant out for his arrest concerning an unrelated matter. He ran to the house which was familiar to him, 1201 Fargo Street, and not to 1108 Fargo Street, the house which was the location of drug activity according to the tip received by police that morning. Defendant and Mr. Keech were in transit to 1201 Fargo Street when the Officer arrived. He perceived them to be stopped in front of 1108 while they were en route. The Officer testified that defendant made an incriminating statement, which defendant denied.[2] While we recognize the inherent credibility of an officer's testimony, that testimony standing alone, in opposition to the defendant's evidence, with no other indication that defendant possessed the drugs or had any control over the premises, does not constitute substantial evidence of constructive possession.

I would therefore reverse the trial court's denial of the motion to dismiss.

---

2. The issue of whether the testimony of the Officer concerning defendant's alleged statement to him was proper under the Rules of Evidence is not before us in this appeal.