STATE OF NORTH CAROLINA
v.
RICKY LEE NANCE
No. COA09-12.
Court of Appeals of North Carolina.
Filed: July 21, 2009.
This case not for publication.
Roy Cooper, Attorney General, by Victoria L. Voight, Special Deputy Attorney General, for the State.
James N. Freeman, Jr., for defendant-appellant.
MARTIN, Chief Judge.
Ricky Lee Nance ("defendant") appeals from the judgment entered upon his conviction by a jury of robbery with a dangerous weapon. For the reasons stated below, we find no error.
The State's evidence at trial tended to show that on the morning of 11 April 2006, defendant entered the Innkeeper Hotel in Archdale, North Carolina. Assistant manager Sherry Gladney ("Gladney") testified that defendant approached the front counter with his hands in his jacket pockets. Gladney asked defendant to wait while she helped another customer. At trial, Gladney testified that defendant was pale, with a "funky odor," and looked like he had been up all night. After finishing her business with the other customer, Gladney asked defendant how she could help him. Defendant then approached the counter and said, "Give me your money." Gladney responded, "What money?" Defendant told Gladney, "Ma'am, I really hate to do this, but I'm here to rob you and I have a gun." Defendant kept his left hand inside his jacket and patted his shoulder underneath his shirt with his right hand. Gladney testified that she was frightened and believed defendant when he said several more times that he had a gun. Gladney testified that she then tried to slide her hand on the counter to the telephone to dial 911, but defendant told her, "Please don't do nothing stupid."
As all of this occurred, hotel general manager Sam Mintz ("Mintz") entered the area behind the counter and began working on a computer, unaware of defendant's actions. Defendant then turned to Mintz and said, "Sir, I really hate to do this but I want your money. I'm here to rob you and I have a gun." At this point, Gladney testified, she dialed 911 and fell to the floor. Mintz stepped over Gladney and went to the cash register, removing some bills and placing them on the counter. Defendant told Mintz he wanted all the money, so Mintz put some rolls of quarters on the counter. Defendant then took the money and left the hotel. At trial Gladney and the general manager of the Wendy's restaurant located next door to the Innkeeper hotel each testified they saw defendant leaving the area in a white Nissan Sentra. Afterwards, Gladney determined defendant had taken $228 in cash.
Detective Jones of the Archdale City Police Department testified that on 12 April 2006, defendant, after waiving his Miranda rights, wrote and signed the following statement, which was admitted into evidence by the trial court:
I, Ricky Nance, was high on crack and got the idea to rob the Innkeeper to get some money to buy more crack. I parked my car at Wendy's and walked to the Innkeeper. I asked the lady and the man behind the counter to give me the money and they did. I left there and went to Thomasville and bought some crack. I had $130 I got from the Innkeeper.
I'm so sorry for the thingsor for the things I have done to these people. I'm hooked on crack and crack makes you do stupid things. I love my mom and dad very much, and I want to get straight so I can be a good son and person. I hate the way crack does me.
Detective Jones also testified that although defendant did not include it in his written statement, during a verbal conversation, "defendant advised that during the Innkeeper robbery he had pretended to have a gun to get anything," and when Detective Jones later asked if defendant had a firearm, "he stated he didn't, that he pretended to have one."
Defendant testified on his own behalf, admitting that he had robbed Gladney, but denying that he had a gun at the time. He testified that he told Gladney that he had a gun "just as an intimidation factor, . . . because I felt like that maybe they wouldn't give me the money unless I said it." Defendant rested his case and the trial court recessed until the following morning.
Defendant did not appear when court resumed the following morning and defendant's counsel told the court she had learned that defendant had been taken to a hospital after slitting at least one of his wrists the previous evening. She reported that defendant was at the hospital being treated, and she was unsure when he would be released. The trial court recessed until 2:00 p.m. to allow defense counsel to gather more information. When court was reconvened, defense counsel reported that defendant was being transferred to another medical facility "for a period of time, at least four or five days." Defense counsel voiced no objection to the court proceeding with the trial. After receiving instructions from the trial court, the jury returned a verdict of guilty of robbery with a dangerous weapon. Defendant appeals.
Defendant first contends the trial court committed reversible error by proceeding with the trial without defendant present, in violation of his constitutional rights. However, this Court is not required to pass upon a constitutional issue unless it affirmatively appears that the issue was raised and determined in the trial court. State v. Creason, 313 N.C. 122, 127, 326 S.E.2d 24, 27 (1985). "In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C.R. App. P. 10(b)(1). "Defendant has failed to properly preserve this issue for appeal as he made no such `request, objection or motion' before the trial court." See State v. Martin, ___ N.C. App. ___, ___ 671 S.E.2d 53, 56 (2009); see also, State v. Russell, 188 N.C. App. 625, 627, 655 S.E.2d 887, 889 (2008) (where this Court addressed the issue of defendant's constitutional right to be present at trial upon the trial court's denial of defendant's motion for a continuance); State v. Davis, 186 N.C. App. 242, 244, 650 S.E.2d 612, 614 (where this Court addressed the issue of defendant's constitutional right to be present at trial following the trial court's denial of defendant's motion for a mistrial), disc. review denied, 362 N.C. 89, 656 S.E.2d 280 (2007).
In the present case, the trial court discussed defendant's absence at length with his counsel and granted counsel a recess to allow her to gather information as to defendant's whereabouts. When court resumed, counsel advised the court only that defendant was being treated at a hospital and would likely be unavailable for several more days. No further information as to his condition or diagnosis was provided. Defense counsel neither objected to proceeding with trial or moved to continue. As such, defendant has failed to properly preserve this issue for review.
Even had the constitutional issue been preserved, however, any violation of defendant's right to be present has been waived by his counsel's failure to assert it. Although the 5th, 6th, and 14th Amendments protect an individual's right to be present at trial, "the right of a defendant to be present at his own trial is not absolute." Davis, 186 N.C. App. at 245, 650 S.E.2d at 615. "In a non-capital case counsel may waive a defendant's right to be present through failure to assert it just as he may waive defendant's right to exclude inadmissable evidence by failing to object." State v. Christian, 150 N.C. App. 77, 81, 562 S.E.2d 568, 571 (quoting State v. Braswell, 312 N.C. 553, 559, 324 S.E.2d 241, 246 (1985)), disc. review denied, 356 N.C. 168, 568 S.E.2d 618 (2002).
Defendant next contends the trial court erred in denying his motion to dismiss for insufficiency of the evidence. Defendant argues that because the State failed to provide substantial evidence showing defendant possessed a weapon at the time of the robbery, the trial court should have granted defendant's motion to dismiss. We disagree.
In ruling on a motion to dismiss for insufficiency of the evidence, "`the trial court must determine whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense.'" State v. Marshall, 188 N.C. App. 744, 753, 656 S.E.2d 709, 715-16 (quoting State v. Garcia, 358 N.C. 382, 412-13, 597 S.E.2d 724, 746 (2004), cert. denied, 543 U.S. 1156, 161 L.Ed.2d 122 (2005)), disc. review denied, 362 N.C. 368, 661 S.E.2d 890 (2008). "`Substantial evidence is relevant evidence that a reasonable person might accept as adequate or would consider necessary to support a particular conclusion.'" Id. Evidence is not substantial if it raises only a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it. State v. Hamilton, 145 N.C. App. 152, 155, 549 S.E.2d 233, 235 (2001). If substantial evidence supports a finding that the offense charged has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied. State v. Locklear, 322 N.C. 349, 358, 368 S.E.2d 377, 383 (1988). "The reviewing court considers all evidence in the light most favorable to the State, and the State receives the benefit of every reasonable inference supported by that evidence." Marshall, 188 N.C. App. at 753, 656 S.E.2d at 716. "Any contradictions or discrepancies arising from the evidence are properly left for the jury to resolve and do not warrant dismissal." State v. King, 343 N.C. 29, 36, 468 S.E.2d 232, 237 (1996).
The question here, whether the evidence presented was substantial enough to warrant the denial of a motion to dismiss for insufficient evidence, is a question of law, see State v. Vause, 328 N.C. 231, 236, 400 S.E.2d 57, 61 (1991), which we review de novo. N.C.G.S. § 14-87 provides:
Any person or persons who, having in possession or with the use or threatened use of any firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another or from any place of business, residence or banking institution or any other place where there is a person or persons in attendance, at any time, either day or night, or who aids or abets any such person or persons in the commission of such crime, shall be guilty of a Class D felony.
N.C. Gen. Stat. § 14-87 (2007) (emphasis added). As the State points out, this Court recently considered and rejected defendant's argument in State v. Marshall, 188 N.C. App. 744, 656 S.E.2d 709 (2008). In Marshall, this Court reaffirmed its position that the threatened use of a dangerous weapon is sufficient to uphold convictions for robbery with a dangerous weapon, even in cases where "the evidence showed that the defendant did not possess a firearm or dangerous weapon but merely pretended to possess a firearm or dangerous weapon." Id. at 750, 656 S.E.2d at 714 (citing State v. Jarrett, 167 N.C. App. 336, 338-39, 607 S.E.2d 661, 662-63 (2004)). In fact, this Court has held:
[T]o obtain a conviction for armed robbery, it is not necessary for the State to prove that the defendant displayed the firearm to the victim. Proof of armed robbery requires that the victim reasonably believed that the defendant possessed, or used or threatened to use a firearm in the perpetration of the crime.
State v. Lee, 128 N.C. App. 506, 510, 495 S.E.2d 373, 376 (citing State v. Thompson, 297 N.C. 285, 289, 254 S.E.2d 526, 528 (1979), appeal dismissed and disc. review denied, 348 N.C. 76, 505 S.E.2d 883 (1998)). "The State need only prove that the defendant represented that he had a firearm and that circumstances led the victim reasonably to believe that the defendant had a firearm and might use it." Lee, 128 N.C. App. at 510, 495 S.E.2d at 376 (citing State v. Williams, 335 N.C. 518, 522, 438 S.E.2d 727, 729 (1994)). In Marshall, this Court held that "pretending to possess a dangerous weapon is not a dangerous weapon in and of itself; instead, pretending to possess a dangerous weapon creates a presumption that the defendant, in fact, possessed a dangerous weapon." Marshall, 188 N.C. App. at 750-51, 656 S.E.2d at 714 (citing State v. Joyner, 312 N.C. 779, 782-83, 324 S.E.2d 841, 844 (1985)).
The mandatory presumption under consideration here, however, is of the type which merely requires the defendant to come forward with some evidence (or take advantage of evidence already offered by the prosecution) to rebut the connection between the basic and elemental facts. Therefore, when any evidence is introduced tending to show that the life of the victim was not endangered or threatened, the mandatory presumption disappears leaving only a mere permissive inference. The permissive inference which survives permits but does not require the jury to infer the elemental fact (danger or threat to life) from the basic fact proven (robbery with what appeared to the victim to be a firearm or other dangerous weapon).
Id. at 751, 356 S.E.2d at 714-15. Here, evidence presented at trial tended to show that both victims reasonably believed defendant had a gun, as defendant told them repeatedly that he had one. The State, therefore, was entitled to a presumption that "the instrument [wa]s what [defendant's] conduct represent[ed] it to bean implement endangering or threatening the life of the person being robbed." Joyner, 312 N.C. at 782, 324 S.E.2d at 844.
Defendant, on the other hand, presented evidence, through his own testimony, that he did not in fact possess a gun, but only pretended to have one. Defendant, therefore, presented some evidence showing that Gladney's life was not endangered or threatened, and consequently, "`the mandatory presumption disappear[ed] leaving only a mere permissive inference.'" Id. at 783, 324 S.E.2d at 844 (quoting State v. White, 300 N.C. 494, 507, 268 S.E.2d 481, 489, reh'g denied, 301 N.C. 107, 273 S.E.2d 443 (1980)). We note however, that, while defendant testified that he only pretended to have a gun, his own testimony demonstrates that he hoped to create the perception that he in fact had a gun "as an intimidation factor."
Accordingly, because defendant did not present evidence that unequivocally rebutted the presumption, the permissive presumption was sufficient to overcome defendant's motion to dismiss. See, e.g., State v. Barrett, 20 N.C. App. 419, 422-23, 201 S.E.2d 553, 555, cert. denied, 285 N.C. 86, 203 S.E.2d 58 (1974). The trial court, therefore, correctly denied defendant's motion to dismiss, and accordingly, defendant's assignment of error is overruled.
No error.
Judges STEPHENS and HUNTER, JR. concur.
Report per Rule 30(e).