STATE OF NORTH CAROLINA v. CHARLES LEE MONTGOMERY

No. 7718SC80

(Filed 20 July 1977)

1. Constitutional Law § 66— proceeding with trial in defendant's absence — no error

   Where defendant participated in jury selection and accepted and passed the jury, but chose not to return following a recess which the court had ordered prior to impaneling the jury, the trial had begun; defendant waived his right to be present during the remainder of the trial; and the court did not err in proceeding with the trial in his absence.

**2. Constitutional Law § 49— right to counsel — waiver**

Defendant waived his constitutional right to effective assistance of counsel and to obtain counsel of his choice where defendant employed local counsel of his choice before trial and appeared with his counsel when the case was called for trial; at that time defendant requested that he be allowed to discharge his local counsel and moved for a continuance in order to obtain other counsel from Charlotte; the trial court denied the motion; and defendant chose to proceed without counsel rather than with his local counsel.

APPEAL by defendant from *Crissman, Judge.* Judgment entered 17 September 1976 in Superior Court, GUILFORD County. Heard in the Court of Appeals 2 June 1977.

Three cases in which felonious larceny and receiving of checks and money were charged against defendant Montgomery and codefendants Alan Lee Johnson and Eugene Wilburn were consolidated for trial. All defendants pled not guilty.

The cases were duly calendared and were called for trial on 14 September 1976. Defendant, his counsel of record, the two codefendants and their counsel were present. Defendant informed the court that he wanted to proceed without his counsel of record and to employ a Charlotte attorney with whom he had made some arrangements. The court informed defendant that it was too late to obtain Charlotte counsel, and that he would have to proceed with his counsel of record or without counsel. Defendant discharged his counsel of record, who was allowed to withdraw by the court. Defendant passed on the jury. The court ordered a recess for lunch. After recess the defendant did not appear. The two codefendants made no changes in the composition of the jury, which was impaneled.

The evidence for the State tended to show that on 1 October 1975 an employee of an auto parts store saw two men standing at the office door and a third man bent over inside the office near the safe. One asked for a "lug bolt" and was told that the store did not have such an item. They left. The employee saw two of the men leave in an old blue Buick and saw the third (defendant Montgomery) walk down the street. The employee went into the office and saw that the safe had been tampered with. He followed the defendant Montgomery down the street and into the woods, but lost sight of him. In the woods where the employee followed defendant Montgomery he found two envelopes containing checks and currency which had been in the office safe. While returning to the office, the employee saw the

three defendants in a parking lot standing beside the old blue Buick. He called the police, who then apprehended the three men.

At the close of the State's evidence, the receiving charges against all three defendants were dismissed. Codefendants Johnson and Wilburn then pled guilty to misdemeanor larceny, and the court imposed suspended sentences.

The jury returned a verdict of guilty as charged against defendant Montgomery in his absence. On 17 September defendant appeared in court with counsel, a partner of the Charlotte counsel whom defendant had originally advised the court he wanted to represent him. From judgment imposing imprisonment, defendant appealed.

*Attorney General Edmisten by Special Deputy Attorney General John R. B. Matthis and Associate Attorney Alan S. Hirsch for the State.*

*Levine & Goodman by Paul L. Pawlowski for defendant appellant.*

CLARK, Judge.

[1] The defendant contends that the trial court erred in beginning and proceeding with his trial in his absence. We conclude that the trial had begun when defendant voluntarily left, and that in so doing he waived his right to be present.

In every criminal prosecution it is the right of the accused to be present throughout the trial. In misdemeanor cases this right can be waived by defendant through his counsel. In felony cases other than capital ones the right to be present can be waived only by the party himself. In capital cases this right cannot be waived, and it is the duty of the court to see that the accused is present during the entire trial. *State v. Dry*, 152 N.C. 813, 67 S.E. 1000 (1910). It is the prevailing view that once a trial for a noncapital felony has been begun in the defendant's presence, the defendant waives his right to be present if he is on bail and voluntarily absents himself, or if he escapes from custody and flees and the trial can be validly completed in his absence. 21 Am. Jur. 2d, Criminal Law § 286 (1965); Annot., 26 A.L.R. 2d 762 (1952); *see State v. Kelly*, 97 N.C. 404, 2 S.E. 185 (1887).

In *Pratt v. Bishop*, 257 N.C. 486, 504, 126 S.E. 2d 597, 610 (1962), the court held that the purpose of G.S. 8-81 (providing at any time before trial for a motion to reject a deposition) would not be served by holding that the trial did not begin until after the jury was impaneled. The court quoted with approval 53 Am. Jur., Trial § 4 (now 75 Am. Jur. 2d, Trial § 3) as follows: "In general, it has been held that the trial begins when the jury are called into the box for examination as to their qualifications—when the work of impaneling the jury begins—and that the calling of a jury is a part of the trial."

*Sub judice,* the defendant participated in jury selection. He accepted and passed the jury. Before impaneling the jury the court ordered a recess. During the recess defendant voluntarily absented himself. The trial had begun. The defendant waived his right to be present during the remainder of the trial, and the court did not err in proceeding with the trial in his absence.

[2]    The defendant also assigns as error the denial of his request to obtain counsel of his choice. All defendants are entitled to effective assistance of counsel. *State v. Beeson,* 292 N.C. 602, 234 S.E. 2d 595 (1977). A defendant who retains counsel should be afforded a fair opportunity to secure counsel of his own choice. *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932) ; *State v. McFadden,* 292 N.C. 609, 234 S.E. 2d 742 (1977).

In reviewing the record on appeal it appears that defendant was not indigent. He employed local counsel of his choice before trial, and there is nothing in the record to indicate that his counsel had not fully prepared the case for trial. The case was duly calendared for trial. When the case was called for trial the defendant appeared with his counsel. His request to discharge local counsel was allowed, but his motion for continuance in order to obtain other counsel from Charlotte was denied. The trial court explained to defendant that he could elect to proceed to trial with his present counsel or to proceed to trial without counsel. In electing to discharge his local counsel and to begin the trial without counsel, the defendant waived his right to counsel.

The right of the accused to select his own counsel cannot be insisted upon in a manner that will obstruct an orderly procedure in the courts and deprive the courts of their inherent

power to control the same. *State v. Robinson,* 290 N.C. 56, 224 S.E. 2d 174 (1976) ; *United States v. Young,* 482 F. 2d 993 (5th Cir. 1973).

The case before us is distinguishable from the recent case of *State v. McFadden, supra,* where defendant moved to continue on the grounds that his retained counsel was engaged in a trial in a federal court. The court held that the denial of this motion by the trial court violated defendant's right to counsel of his own choice. "The fact that his counsel had accepted other employment which prevented his presence at the trial cannot be charged to the defendant so as to deny him his constitutional right to counsel of his own choice. We find nothing in this record that indicates that defendant exercised his right to select counsel of his choice in a manner calculated to disrupt or obstruct the orderly progress of the court." 292 N.C. at 615, 234 S.E. 2d at 747. But in the present case the attempt to change counsel when the case was called for trial, which would have resulted in the disruption and obstruction of orderly procedure in the court, must be charged to the defendant. See *State v. Smith,* 27 N.C. App. 379, 219 S.E. 2d 277 (1975), where defendant, after signing a waiver of right to have assigned counsel, moved to have counsel assigned on the day the case was scheduled for trial. It was held that since defendant had failed to show good cause for the delay, the signed waiver of counsel remained valid and effective during trial.

We conclude that defendant waived his constitutional right to effective assistance of counsel and to obtain counsel of his choice, and that defendant's other assignments of error are without merit.

No error.

Judges MORRIS and PARKER concur.