STATE OF NORTH CAROLINA v. JIMMY ARNESS RICHARDSON

No. 353PA90

(Filed 7 November 1991)

**Constitutional Law § 342 (NCI4th) — right to be present at trial — absence for medical reasons — continuance denied — no error**

The trial court did not err in a cocaine prosecution by denying defendant's motion for a continuance where the jury

STATE v. RICHARDSON

[330 N.C. 174 (1991)]

was selected but not impaneled; defendant did not return the next morning, when the trial was to recommence; the trial judge continued the trial briefly; defense counsel was unable to contact defendant and told the judge that a courtroom spectator had seen defendant walking toward the courthouse and that defendant had a chronic back condition; the court requested that the Sheriff's Department dispatch a car to locate defendant, refused to continue the case, impaneled the jury and began the trial; defense counsel handed the judge a note from the clerk of court stating that a person identifying himself as a friend of defendant had phoned to say that he was taking defendant to the hospital because of back problems; the court denied defense counsel's requested continuance; defense counsel informed the judge at 2:00 p.m. that defendant had called the clerk to indicate that he was at the hospital seeking treatment for a sciatic nerve problem; the judge granted another brief recess, but defense counsel was unable to confirm that defendant was at the hospital and the district attorney stated that sheriff's deputies had reported seeing defendant at two other locations during the day; the court again denied a continuance and issued an order for defendant's arrest; defense counsel related at the end of the State's evidence that he would be unable to present any evidence because defendant was the only witness scheduled to testify; the jury was instructed and returned with a guilty verdict; defendant was brought into the courtroom after the verdict was returned and presented records showing that he had been treated for head injuries resulting from a fall, but the time of treatment was not noted; and the district attorney later noted that defendant did not seek treatment until 1:00 p.m. In noncapital felony trials, the right to confrontation is purely personal and may be waived by defendant; once trial has commenced, the burden is on the defendant to explain his or her absence. There was ample evidence to support the trial court's conclusion that defendant did not meet his burden and the court did not abuse its discretion in denying defense counsel's motions for a continuance.

Am Jur 2d, Continuance § 110; Criminal Law §§ 901, 903, 956, 957, 966.

Continuance of criminal case because of illness of accused. 66 ALR2d 232.

STATE v. RICHARDSON

[330 N.C. 174 (1991)]

ON discretionary review pursuant to N.C.G.S. § 7A-31 of the unanimous decision of the Court of Appeals, 99 N.C. App. 496, 393 S.E.2d 333 (1990), setting aside judgments entered by *Friday, J.*, at the 17 April 1989 Criminal Session of Superior Court, HALIFAX County, and awarding defendant a new trial. Heard in the Supreme Court 16 October 1991.

*Lacy H. Thornburg, Attorney General, by Robin W. Smith, Assistant Attorney General, and Daniel F. McLawhorn, Special Deputy Attorney General, for the State-appellant.*

*Robin E. Hudson for defendant-appellee.*

MEYER, Justice.

On 20 February 1989, the Halifax County Grand Jury returned four indictments charging defendant with: (1) possession of more than one gram of cocaine, (2) possession of cocaine with intent to sell or deliver and sale and delivery of cocaine at 3:15 p.m. on 2 December 1988, (3) possession with intent to sell or deliver and sale and delivery of cocaine at 6:10 p.m. on 2 December 1988, and (4) maintaining a dwelling for the purpose of selling cocaine.

On 17 April 1989, with defendant and his counsel present, jurors for defendant's trial were selected but not impaneled. Although defendant had arrived at the proceeding late that day, defendant was specifically informed that he was to return the following morning at 9:30 a.m., when the trial was to recommence. Defendant failed to appear at the appointed time. The trial judge continued the trial briefly to allow defense counsel to locate the defendant. Defense counsel, unable to contact defendant, then told the judge that a courtroom spectator had seen defendant walking from his home toward the courthouse that morning. Defense counsel also told the court that only a few weeks earlier, defendant had been under medical care for a chronic back problem that limited his ability to do strenuous physical work. Counsel did not know how this condition would affect the defendant's capacity to appear, but objected to proceeding in his absence. The trial judge then requested that the Sheriff's Department dispatch a car to locate defendant.

The court refused to continue the case, impaneled the jury in the defendant's absence, and the trial recommenced at 10:00 a.m. During examination of the first witness, defense counsel handed

the trial judge a note from the Clerk of Court stating that a person identifying himself as a friend of defendant's had phoned at 10:10 a.m. to say that he was taking defendant to the hospital because of back problems. Counsel then requested a continuance to confirm this information. This request was denied, and the trial judge noted for the record that defendant had failed to contact either his counsel or the court directly and had ample opportunity to do so.

At 2:00 p.m., defense counsel informed the trial judge that defendant had called the Clerk's Office during the lunch recess and indicated that he was at Halifax Memorial Hospital seeking treatment for a sciatic nerve problem. The trial judge then granted defense counsel another brief recess to allow him to call the hospital and confirm defendant's whereabouts. Counsel was unable to confirm that defendant was at the hospital, and the district attorney informed the judge that sheriff's deputies had reported seeing defendant at two other locations during the day. Defense counsel again moved for a continuance. Subsequent to a bench conference, this motion was denied once again. The judge then issued an order for the defendant's arrest, stating, "It appears that [defendant] is playing tricks with the court."

At the close of the State's evidence, defense counsel related that he would be unable to present any evidence because defendant was the only witness scheduled to testify. The trial judge instructed the jury, and the jury returned less than an hour later, finding defendant guilty on all counts.

Sheriff's deputies brought defendant into court at 4:35 p.m., after the verdict had been returned. Defendant presented records showing that he had been treated at Halifax Memorial Hospital for head injuries resulting from a fall, but the time of treatment was not noted. The district attorney later noted that defendant did not seek treatment until 1:00 p.m. Defendant stated that he had been trying to communicate with the court, that he was not guilty, and that he wished to testify to that effect.

At trial, a detective with the Halifax County Sheriff's Department testified that he visited defendant's home at 3:15 p.m. on 2 December 1988 and asked if he could purchase two grams of cocaine. Defendant gave the detective a plastic bag containing 0.8 grams of cocaine in exchange for $180.00 in cash. The detective returned to defendant's residence at 6:10 p.m. and asked defendant if he could buy three grams of cocaine. Defendant gave the detec-

STATE v. RICHARDSON

[330 N.C. 174 (1991)]

tive two plastic bags, later found to contain a total of 1.5 grams of cocaine, in exchange for $270.00 in cash.

The question before the Court is whether defendant's constitutional rights were infringed when the trial judge refused to grant defense counsel's motions to continue due to defendant's absence from his trial. It is well established that both the United States and North Carolina Constitutions provide criminal defendants the right to confront their accusers at trial. In particular, our state Constitution provides in pertinent part: "In all criminal prosecutions, every person charged with crime has the right . . . to confront the accusers and witnesses with other testimony . . . ." N.C. Const. art. I, § 23.

In noncapital felony trials, this right to confrontation is purely personal in nature and may be waived by a defendant.[1] *State v. Braswell*, 312 N.C. 553, 558, 324 S.E.2d 241, 246 (1985); *State v. Hayes*, 291 N.C. 293, 296-97, 230 S.E.2d 146, 148 (1976); *State v. Moore*, 275 N.C. 198, 208, 166 S.E.2d 652, 659 (1969). A defendant's voluntary and unexplained absence from court subsequent to the commencement of trial constitutes such a waiver. *State v. Wilson*, 31 N.C. App. 323, 229 S.E.2d 314 (1976); *State v. Mulwee*, 27 N.C. App. 366, 219 S.E.2d 304 (1975). Once trial has commenced, the burden is on the defendant to explain his or her absence; if this burden is not met, waiver is to be inferred. *State v. Austin*, 75 N.C. App. 338, 330 S.E.2d 661 (1985); *State v. Stockton*, 13 N.C. App. 287, 185 S.E.2d 459 (1971).

Whether such a burden has been satisfied has been the subject of numerous appellate decisions. In *State v. Stockton*, 13 N.C. App. 287, 185 S.E.2d 459, for instance, defendant was present during the first day of his trial but failed to appear when the trial recommenced on the second day. Upon inquiry by the trial judge, defense counsel related that he had neither seen nor heard from defendant. Thereafter, the court concluded that defendant Stockton had due notice of the time that his trial was to recommence and that his absence amounted to a waiver. On appeal, the Court of Appeals agreed, concluding that the defendant voluntarily absented himself

---

1. As to capital defendants, this Court has held that this right may not be waived, requiring that the trial court ensure defendant's presence at trial. *State v. Huff*, 325 N.C. 1, 381 S.E.2d 635 (1989); *State v. Payne*, 320 N.C. 138, 357 S.E.2d 612 (1987). Because defendant was before the court on noncapital felony charges, his right to be present was waivable.

STATE v. RICHARDSON

[330 N.C. 174 (1991)]

after his first day of trial and therefore waived his right to be present during the trial and rendering of the verdict. *Id.* at 292, 185 S.E.2d at 463. Findings of no error under similar circumstances have repeatedly been reached by this Court, as well as the Court of Appeals. *State v. Kelly*, 97 N.C. 404, 2 S.E. 185 (1887); *State v. Austin*, 75 N.C. App. 338, 330 S.E.2d 661 (1985); *State v. Potts*, 42 N.C. App. 357, 256 S.E.2d 497 (1979); *State v. Montgomery*, 33 N.C. App. 693, 236 S.E.2d 390, *disc. rev. denied and appeal dismissed*, 293 N.C. 256, 237 S.E.2d 258 (1977); *State v. Wilson*, 31 N.C. App. 323, 229 S.E.2d 314 (1976).

The granting or denial of a motion to continue is within the sound discretion of the trial judge, and this decision will not be disturbed absent an abuse of discretion. *State v. Ferebee*, 266 N.C. 606, 609, 146 S.E.2d 666, 668 (1966). Once trial begins, the burden is on the defendant to explain his absence. *State v. Austin*, 75 N.C. App. 338, 330 S.E.2d 661.

Here, it is clear that trial had begun before defendant absented himself. On 17 April 1989, the jury was selected in the presence of defendant and his counsel, and all parties involved were instructed to return on 18 April at 9:30 a.m. to resume trial. In this case, the trial began on 17 April, when the case was reached on the calendar and the jurors were called into the jury box for examination as to their qualifications. *Pratt v. Bishop*, 257 N.C. 486, 504, 126 S.E.2d 597, 610 (1962); *State v. Montgomery*, 33 N.C. App. 693, 236 S.E.2d 390. Therefore, it became incumbent upon defendant to explain his absence to the court's satisfaction. Contrary to the determination of the Court of Appeals, we find that there was ample evidence to support Judge Friday's conclusion that defendant did not meet his burden.

Central to this determination is the weight to be given uncorroborated explanatory statements provided to the court by third parties. Here, the defendant and the Court of Appeals place great emphasis upon the fact that an unidentified person stating that he was a friend of defendant's telephoned the Clerk to inform the court that defendant was absent due to "back problems." The trial court found that such contact, which was not made by defendant himself and which was untimely, did not suffice as an explanation. We agree that such an explanation did not satisfy defendant's burden and that therefore the trial court did not abuse its discretion.

STATE v. RICHARDSON

[330 N.C. 174 (1991)]

Neither do the other facts attending this appeal reveal that Judge Friday abused his discretion in denying the continuances. Prior to the contact with the Clerk by the unidentified person claiming to be defendant's friend, the only possible explanation for defendant's absence was provided by defense counsel, who suggested that defendant's back problems might be the cause of his absence. This explanation, as counsel himself conceded, was mere speculation. Another possible explanation arose over the noon recess when defendant himself informed the Clerk by telephone that he was at the hospital seeking treatment for a sciatic nerve problem. At that point, the court granted leave to defense counsel to inquire into defendant's whereabouts. Counsel was unable to confirm that defendant was, in fact, at the hospital. Meanwhile, the court was informed that defendant had been seen at two other locations during the time he was supposed to be in court.

From the outset, when defendant was tardy for jury selection on 17 April, the court provided defense counsel ample opportunity to locate defendant, who himself was at all times aware of the time he was to be in court, and the court even dispatched the Sheriff's Department to assist in this endeavor. When these efforts proved unavailing, and still no satisfactory explanation was provided, the court acted properly in proceeding with trial.

Indeed, in the end, the court's decision to deny the motions to continue was vindicated by the inexplicable behavior of defendant himself. When defendant was brought into court in the company of sheriff's deputies at 4:35 p.m. on the day of verdict, he brought with him no evidence of any back or sciatic nerve problem, which he and his friend informed the Clerk's Office caused his absence and which defense counsel suggested as a possible explanation. Ultimately, the only explanation offered by defendant for his failure to appear for his trial was the following statement of his counsel:

Your Honor, please, I ask for the record to show that Mr. Richardson is now in court for he is entitled to be here for the sentencing hearing as I understand the law. He has brought with him information showing that he was at the Halifax Memorial Hospital where he was treated by Dr. Bissram. No time is indicated but[ ] I understand that he suffered a fall[,] and head injuries were indicated. He was ordered to use ice packs and was released on the condition that he consult with his own doctor immediately. And he does have some type

STATE v. RICHARDSON

[330 N.C. 174 (1991)]

of prescription which was issued to him by . . . looks like Dr. Bissram.

This explanation was inconsistent with the information provided by defendant in both his friend's and his own personal telephone calls to the Clerk's Office. Moreover, the district attorney related that defendant's treatment did not occur until approximately 1:00 p.m., a time some three and one-half hours after defendant was to be in court.

In sum, the trial had begun, and defendant waived his right to be present during the remainder of the trial. The court did not abuse its discretion in denying motions for continuance made by defense counsel. As noted by this Court in *State v. Kelly*:

It would savor of absurdity and positive injustice, when a party charged with crime thus flees, to allow him to take advantage of his own wrong, and obtain his discharge, or a new trial! . . . In such cases, if the defendant fly, . . . the court is not bound to stop the trial and discharge the jury, and thus give the defendant a new trial. To do so, would compromise the dignity of the court [and] trifle with the administration of justice . . . .

97 N.C. at 408, 2 S.E. at 187.

Denial of a motion to continue that raises a constitutional question may be grounds for a new trial only when a defendant shows that the denial was erroneous and that his case was prejudiced thereby. *State v. Branch*, 306 N.C. 101, 104, 291 S.E.2d 653, 656 (1982). Because we deem the trial court not to have been in error, we do not address the issue of possible prejudice to defendant stemming from his absence from trial.

We conclude that the Court of Appeals erred in granting defendant a new trial. The decision of the Court of Appeals is reversed, and the case is remanded to that court for further remand to the Superior Court, Halifax County, with instructions to reinstate the judgments previously entered.

Reversed and remanded.