STATE OF NORTH CAROLINA v. FLOYD JEAN DAVIS

No. COA06-1558

(Filed 2 October 2007)

**1. Criminal Law— motion for mistrial—defendant's absence from courtroom during trial—voluntary and unexplained absence—waiver of right**

The trial court did not abuse its discretion in a felony possession of methamphetamine, misdemeanor possession of drug paraphernalia, and habitual felon case by denying defendant's motion for a mistrial based on his absence from the courtroom during his trial, because: (1) a defendant's voluntary and unexplained absence from court subsequent to the commencement of trial constitutes a waiver of his right to confront his accuser, and waiver is inferred unless defendant meets his burden to explain his absence; and (2) the facts support the determination that defendant waived his right to appear.

**2. Drugs— felony possession of methamphetamine—misdemeanor possession of drug paraphernalia—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motions to dismiss the charges of felony possession of methamphetamine and misdemeanor possession of drug paraphernalia because the evidence was sufficient as a matter of law to withstand the motions.

**3. Sentencing— habitual felon—defendant not present in courtroom**

The trial court did not err by arraigning defendant as an habitual felon under N.C.G.S. § 15A-928 in open court, and by moving forward immediately with habitual felon proceedings following defendant's convictions while he was still not present in the courtroom, because: (1) even assuming defendant is correct in his argument that he was required to be present for the habitual felon proceedings since they concerned a sentence enhancement, he failed to show any prejudicial effect resulting from his absence; (2) defendant was informed of the previous convictions the State intended to use and was given a fair opportunity to either admit or deny them or remain silent; and (3) the Court of Appeals has previously found no error when a trial court moved forward with habitual felon proceedings after they had already

STATE v. DAVIS

[186 N.C. App. 242 (2007)]

begun and a defendant failed to return to court following a five-minute recess.

Appeal by defendant from judgment entered 14 July 2006 by Judge Richard L. Doughton in Superior Court, Mitchell County. Heard in the Court of Appeals 21 August 2007.

*Attorney General Roy Cooper, by Assistant Attorney General Laura J. Gendy, for the State.*

*William D. Spence, for defendant-appellant.*

WYNN, Judge.

A defendant may waive the general right to be present at his trial through his voluntary and unexplained absence from court.[1] Here, Defendant Floyd Jean Davis contends the trial court erred by allowing his trial to proceed in absentia. Because the record shows that Defendant had knowledge of the date and time that his trial reconvened and failed to appear or provide any reasonable excuse for his absence, we affirm the trial court's decision to move forward with the proceedings without Defendant.

On 26 January 2006, Mitchell County Deputy Sheriff Frank Catalano went to Defendant's home to serve an arrest warrant on him. Pursuant to a consent search of Defendant's home, Deputy Catalano found a pen barrel, scale, and piece of folded-up aluminum foil inside a plastic grocery bag in a kitchen drawer. A charred residue on the aluminum foil was later determined to be a legal substance often converted into methamphetamine; additionally, the inside of the pen barrel was found to be coated with methamphetamine hydrochloride, a controlled substance. After being advised of his legal rights, Defendant stated that the methamphetamine found was his and that he used the drug to relieve back pain.

Defendant's trial for felony possession of methamphetamine, misdemeanor possession of drug paraphernalia, and habitual felon status began on 20 June 2006; he and his defense counsel were both present, and the jury was selected that day. When court reconvened the following morning, on 21 June 2006, Defendant was absent because he had gone to Spruce Pine Community Hospital with heart problems and was subsequently transferred by ambulance to Mission Memorial Hospital in Asheville due to chest pains and to have an

---

1. *State v. Richardson*, 330 N.C. 174, 178, 410 S.E.2d 61, 63 (1991).

"appropriate workup by the cardiologist." Following testimony by a doctor who had treated Defendant, the trial court continued the case until 30 June 2006.

When court reconvened again on 30 June 2006, Defendant was not present. Defense counsel informed the trial court that he did not know where his client was, and that he had spoken to Defendant the previous afternoon and instructed him to be at court that morning. Additionally, defense counsel told the trial court that he had no medical records showing that Defendant was unable to be present at court that morning. The clerk likewise stated that Defendant had been informed and was aware of his court date and time. Neither defense counsel nor the clerk's office had received any message from Defendant as to why he was not present in court on 30 June 2006.

After denying defense counsel's motion for mistrial based on Defendant's absence, the trial court instructed the State to move forward with presentation of its evidence to the jury. The State offered testimony from two witnesses: a Special Agent Senior Forensic Chemist with the North Carolina State Bureau of Investigation (SBI), as to the residues on the aluminum foil and the inside of the pen barrel, respectively; and Deputy Catalano, as to his search of Defendant's home and Defendant's voluntary statement after his arrest. Defendant did not offer any evidence, and defense counsel moved for a dismissal of the two charges for insufficiency of evidence at both the close of the State's evidence and the close of all evidence. After denying the motions to dismiss, the trial court moved forward with the charge conference, the prosecutor and defense counsel offered closing arguments, and the trial court gave his jury charge.

According to the transcript, the jury returned guilty verdicts on both charges after ten minutes of deliberation. With Defendant still absent from the courtroom, the trial court moved forward with the habitual felon phase of the trial. The State then offered an additional witness, a legal assistant with the district attorney's office, who testified as to Defendant's criminal record and prior felony convictions. Defendant offered no evidence. After an additional ten minutes of deliberation, the jury returned with a verdict of guilty of habitual felon status.

The trial court had previously entered an order of arrest against Defendant because he was not present when his trial reconvened on 30 June 2006. At the conclusion of the trial, the trial court ordered that, after Defendant had been located and arrested, he be held with-

out bond until sentencing could occur. On 14 July 2006, the trial court entered judgment on the jury verdicts against Defendant and sentenced him as an habitual felon in the presumptive range of 116 to 149 months' imprisonment on the consolidated charges of felony possession of methamphetamine and misdemeanor possession of drug paraphernalia. At sentencing, Defendant informed the trial court that he had been back in the hospital for his heart on 30 June 2006, the date of his trial, and his wife had failed to telephone defense counsel as she had promised. Defendant offered no written documentation in support of his statement that he had been in the hospital.

Defendant now appeals, arguing that the trial court erred by (I) denying his motion for a mistrial; (II) denying his motion to dismiss both charges at the close of evidence; (III) arraigning him as an habitual felon in open court and allowing the State to move forward immediately with habitual felon proceedings.

I.

[1] Defendant first argues that the trial court erred by denying his motion for a mistrial based on his absence from the courtroom during his trial. We disagree.

Under North Carolina law, a trial court is required to declare a mistrial upon a defendant's motion "if there occurs during the trial an error or legal defect in the proceedings, . . . , resulting in substantial and irreparable prejudice to the defendant's case." N.C. Gen. Stat. § 15A-1061 (2005). Nevertheless, the decision to grant a mistrial is within the sound discretion of the trial court, and a mistrial is "appropriate only when there are such serious improprieties as would make it impossible to achieve a fair and impartial verdict under the law." *State v. Black*, 328 N.C. 191, 200, 400 S.E.2d 398, 403 (1991) (citation omitted). The trial court's decision will be given "great deference since he is in a far better position than an appellate court to determine whether the degree of influence on the jury was irreparable." *State v. Williamson*, 333 N.C. 128, 138, 423 S.E.2d 766, 772 (1992) (citation omitted). This Court will find an abuse of discretion only where a trial court's ruling "is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Campbell*, 359 N.C. 644, 673, 617 S.E.2d 1, 19 (2005), *cert. denied*, 547 U.S. 1073, 164 L. Ed. 2d 523 (2006).

Although our state Constitution provides that, "[i]n all criminal prosecutions, every person charged with crime has the right . . . to confront the accusers and witnesses with other testimony," N.C.

Const. art. I, § 23, the right of a defendant to be present at his own trial is not absolute. *See State v. Richardson*, 330 N.C. 174, 178, 410 S.E.2d 61, 63 (1991) ("In noncapital felony trials, this right to confrontation is purely personal in nature and may be waived by a defendant."). Significantly, "[a] defendant's voluntary and unexplained absence from court subsequent to the commencement of trial constitutes such a waiver. Once trial has commenced, the burden is on the defendant to explain his or her absence; if this burden is not met, waiver is to be inferred." *Id.* (internal citations omitted).

Here, Defendant's trial commenced on 20 June 2006, when a jury was impaneled and opening arguments were made. Defendant was not present when his trial resumed on 21 June; after hearing an explanation from defense counsel and testimony from a doctor who had treated Defendant, the trial court continued the case until 30 June, to give Defendant an opportunity for further treatment and recovery. Nevertheless, on 30 June, Defendant was not present at the time his trial was scheduled to resume.

After waiting for over forty-five minutes, the trial court ascertained that Defendant was aware of the date and time that his trial was scheduled to resume, and that he had failed to provide any reason or notice to defense counsel or the clerk's office as to his failure to appear. The trial court then offered a full restatement of the facts related to the earlier session of the trial, Defendant's medically excused absence on 21 June 2006, and the continuance, and concluded:

> Based on that, the Court concludes that the Court has a right to go forward with the trial of this case having been shown no good reason as to why the defendant has not appeared and based on the foregoing findings and conclusions the Court is going to proceed with the trial of this matter in the absence of the defendant . . . . So [defense counsel] will be proceeding on behalf of his client in his client's absence in the defense of this case.

These facts support the trial court's determination that Defendant waived his right to appear, and we see no abuse of discretion in the trial court's decision to deny defense counsel's motion for a mistrial. Accordingly, we find no merit in these assignments of error.

II.

[2] Next, Defendant contends the trial court erred by denying his motions to dismiss the charges of felony possession of metham-

STATE v. DAVIS

[186 N.C. App. 242 (2007)]

phetamine and misdemeanor possession of drug paraphernalia at the close of the State's evidence and again at the close of all evidence on the grounds that the evidence was insufficient to establish each element of the crimes and Defendant's identity as the perpetrator. We disagree.

To survive a motion to dismiss, the State must have presented "substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense." *State v. Garcia*, 358 N.C. 382, 412, 597 S.E.2d 724, 746 (2004) (citation and quotations omitted), *cert. denied*, 543 U.S. 1156, 161 L. Ed. 2d 122 (2005). "Substantial evidence" is "relevant evidence that a reasonable person might accept as adequate, or would consider necessary to support a particular conclusion." *Id.* (citations omitted). In considering a motion to dismiss by the defense, such evidence "must be taken in the light most favorable to the state. . . . [which] is entitled to all reasonable inferences that may be drawn from the evidence." *State v. Sumpter*, 318 N.C. 102, 107, 347 S.E.2d 396, 399 (1986).

North Carolina law makes it illegal for any person to possess a controlled substance. N.C. Gen. Stat. § 90-95(a)(3) (2005). Felonious possession of a controlled substance has "two essential elements. The substance must be possessed, and the substance must be 'knowingly' possessed." *State v. Rogers*, 32 N.C. App. 274, 278, 231 S.E.2d 919, 922 (1977). Moreover, "[w]hen such materials are found on the premises under the control of the accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession." *State v. Harvey*, 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972). Even a "residue quantity" of a controlled substance is sufficient to convict a defendant of felonious possession of the controlled substance. *State v. Williams*, 149 N.C. App. 795, 798-99, 561 S.E.2d 925, 927, *disc. review denied*, 355 N.C. 757, 566 S.E.2d 481, *cert. denied*, 537 U.S. 1035, 154 L. Ed. 2d 455 (2002).

Likewise, under North Carolina law, "[i]t is unlawful for any person to knowingly use, or to possess with intent to use, drug paraphernalia . . . to inject, ingest, inhale, or otherwise introduce into the body a controlled substance which it would be unlawful to possess." N.C. Gen. Stat. § 90-113.22(a) (2005); *see also State v. Hedgecoe*, 106 N.C. App. 157, 164, 415 S.E.2d 777, 781 (1992) (holding that, to sustain a conviction under N.C. Gen. Stat. § 90-113.22, the State must prove that the defendant possessed drug paraphernalia with the intent "to use [it] in connection with controlled substances").

In the instant case, the State offered testimony from an SBI agent that the residue inside the pen barrel found at Defendant's home was methamphetamine, and that the residue on the aluminum foil was a legal, uncontrolled substance that is often converted into methamphetamine. Deputy Catalano also testified that he found the aluminum foil and the pen barrel inside a kitchen drawer in Defendant's home. Additionally, Deputy Catalano recounted Defendant's voluntary statement to police that:

> On today's date officer came to serve his warrant on me. I come out on my own. *They found meth in my house. I told them it was mine.* I use it—I use for my—for my pain because my back it was broke at work. The pain med they give me don't work. The meth does. . . . They found it in my kitchen drawer.

(Emphasis added). We find this evidence to be sufficient as a matter of law to withstand a motion to dismiss the charges of felony possession of methamphetamine and misdemeanor possession of drug paraphernalia. This assignment of error is rejected.

## III.

[3] Finally, Defendant argues that the trial court erred by arraigning him as an habitual felon pursuant to North Carolina General Statutes § 15A-928 in open court, and by moving forward immediately with habitual felon proceedings following Defendant's convictions, while he was still not present in the courtroom. Defendant essentially contends the trial court was without subject matter jurisdiction to proceed with the habitual felon proceedings. We disagree.

Habitual felon status is acquired when any person has been convicted of or pled guilty to three felony offenses in any federal or state court or combination thereof. N.C. Gen. Stat. § 14-7.1 (2005). Under longstanding precedent of our courts, being an habitual felon is not a substantive offense and is instead used only to enhance the sentence of an underlying felony committed while the defendant was an habitual felon. *See State v. Allen*, 292 N.C. 431, 435, 233 S.E.2d 585, 588 (1977) ("The only reason for establishing that an accused is an habitual felon is to enhance the punishment which would otherwise be appropriate for the substantive felony which he has allegedly committed while in such a status.") Thus, "[b]eing an habitual felon is not a crime but is a status the attaining of which subjects a person thereafter convicted of a crime to an increased punishment for that crime. The status itself, standing alone, will not support a criminal sentence." *Id.*

A trial court must arraign a defendant for habitual felon status "[a]fter commencement of the trial and before the close of the State's case, . . . in the absence of the jury[.]" N.C. Gen. Stat. § 15A-928(c) (2005). If the defendant remains silent in the face of the allegations, "the State may prove that element of the offense charged before the jury as a part of its case." *Id.* at § 15A-928(c)(2). The purpose of Section 15A-928 is "to insure that the defendant is informed of the previous convictions the State intends to use and is given a fair opportunity to either admit or deny them or remain silent." *State v. Jernigan,* 118 N.C. App. 240, 244, 455 S.E.2d 163, 166 (1995).

As noted earlier, a defendant may waive his right to be present at his noncapital felony trial through his "voluntary and unexplained absence from court subsequent to the commencement of trial." *Richardson,* 330 N.C. at 178, 410 S.E.2d at 63. However, our state Supreme Court has also held that a defendant "should be present when evidence is introduced for the purpose of determining the amount of punishment to be imposed." *State v. Pope,* 257 N.C. 326, 330, 126 S.E.2d 126, 129 (1962). Likewise, "[t]he accused has the undeniable right to be personally present when sentence is imposed. Oral testimony, as such, relating to punishment is not to be heard in his absence." *Id.* at 334, 126 S.E.2d at 132-33. Nevertheless, "[a] judgment will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." *Id.* at 335, 126 S.E.2d at 133.

Defendant argues that the habitual felon proceedings fall between trial and sentencing, such that he could have waived his right to be present at his trial for the substantive offenses of felony possession of methamphetamine and misdemeanor possession of drug paraphernalia, but he was constitutionally required to be present for the habitual felon proceedings because they concerned a sentence enhancement. Nevertheless, even assuming *arguendo* that Defendant is correct in this assertion, we find that he has failed to show any prejudicial effect resulting from his absence. On 20 June 2006, at the outset of Defendant's trial, and in Defendant's presence but before a jury had been seated, the trial court stated that there were three charges, namely, "one possession of Schedule II controlled substances, one possession of drug paraphernalia and there's a third indictment of habitual felon." Moreover, in an indictment dated 8 February 2006, over four months before Defendant's trial, the State

listed the prior felonies committed by Defendant and used by the State as the basis for the charge of habitual felon status.

In light of these facts, as well as Defendant's waiver of his right to be present at trial, we find that Defendant was "informed of the previous convictions the State intend[ed] to use" and was "given a fair opportunity to either admit or deny them or remain silent." *Jernigan,* 118 N.C. App. at 244, 455 S.E.2d at 166. Moreover, we note that this Court has previously found no error when a trial court moved forward with habitual felon proceedings after they had already begun and a defendant failed to return to court following a five-minute recess. *State v. Skipper,* 146 N.C. App. 532, 535-36, 553 S.E.2d 690, 692-93 (2001). This assignment of error is without merit.

No error.

Judges HUNTER and BRYANT concur.