STATE OF NORTH CAROLINA v. ANGELO MAURICE RUSSELL

No. COA07-571

(Filed 5 February 2008)

**Constitutional Law— right to confrontation—insufficiently explained absence from trial—waiver**

Defendant's voluntary and unexplained absence from his trial after it began constitutes a waiver of his right to confrontation. The only explanations of the absence were second or third hand, and defense counsel was not in a position to verify what was told to her by other people. A letter from a doctor that defendant was in the hospital did not have any kind of diagnosis or prognosis, but only the statement that defendant was being kept for observation.

Appeal by defendant from judgment filed 23 October 2006 by Judge Beverly T. Beal in Superior Court, Mecklenburg County. Heard in the Court of Appeals 27 November 2007.

*Attorney General Roy Cooper, by Associate Attorney General Catherine F. Jordan, for the State.*

*Jarvis John Edgerton, IV, for the defendant-appellant.*

WYNN, Judge.

Under our case law, "[a] defendant's voluntary and unexplained absence from court subsequent to the commencement of trial constitutes . . . a waiver [of his right to confrontation]."[1] Here, Defendant Angelo Maurice Russell failed to provide a reasonable explanation for his absence from his trial. Accordingly, we find no error in the trial court's finding that he waived his right to confrontation.

On 20 August 2005, Annis Hannah was at the Smithfield Elementary School for her son's soccer tryouts between 11:00 a.m. and 1:00 p.m. When she returned to her minivan, parked in an open lot, she saw a man in her vehicle. She asked him what he was doing, at which point he got out of her minivan and got into a bronze-colored truck, with a woman in the passenger seat. Ms. Hannah recounted that a debit card was missing from her minivan, and that she wrote down the license plate number of the truck and called 911. Her husband, Sammy Hannah, also followed the truck when it left the parking lot and saw the truck with the license plate number recorded by Ms. Hannah stop at two ATM machines, where the man in the truck attempted to use a debit card.

Detective Julius Esposito of the Charlotte-Mecklenburg Police Department traced the license plate number of the truck as being registered to Enterprise Leasing, which in turn informed him that the truck had been leased to Elizabeth Crump on the date in question. Ms. Crump later testified that she had stayed overnight at her cousin Lynette McCorkle-Austin's house in Charlotte on the evening of 19 August 2005, and that Ms. McCorkle-Austin and Defendant had borrowed the truck on the morning of 20 August. Ms. Hannah picked Defendant's picture out of a photographic array prepared by Detective Esposito. Defendant was subsequently arrested and indicted for breaking and entering a motor vehicle and for being an habitual felon.

Jury selection for Defendant's trial began on 16 October 2006, with Defendant present in the courtroom. However, Defendant was absent on the following two days, 17 and 18 October, when jury se-

---

1. *State v. Richardson*, 330 N.C. 174, 178, 410 S.E.2d 61, 63 (1991) (citations omitted).

lection concluded and witnesses testified for the State and the defense. A defense witness told Defendant's attorney that Defendant had called him on 17 October and told him that he was in the hospital due to chest pains. However, Defendant did not contact either his defense counsel or the trial court directly to inform them of the reason for his absence from his trial. Moreover, Defendant provided no documentation to the trial court to indicate that his absence was medically necessary or that he was being kept in the hospital on doctor's orders. The trial court considered additional information as to Defendant's location and condition as it became available and repeatedly denied defense counsel's motions for a continuance and motions to strike an order for arrest of Defendant that had been issued upon his failure to appear.

The jury found Defendant guilty of breaking or entering a motor vehicle and of being an habitual felon. The trial court entered judgment against Defendant on 18 October 2006, filed 23 October, and sentenced him to a minimum term of 131 months and a maximum term of 167 months in prison.

Defendant now appeals, presenting the sole argument that the trial court erred by denying him a continuance in his trial. He specifically contends that conducting his trial in his absence, despite information that he was being held on a doctor's orders at a local hospital for observation, violated his constitutional right to be present. We find this argument to be without merit.

As this Court recently stated in *State v. Davis*, "the right of a defendant to be present at his own trial is not absolute." 186 N.C. App. 242, 245, 650 S.E.2d 612, 615, *disc. review dismissed*, 362 N.C. 89, —— S.E.2d —— (2007); *see also State v. Richardson*, 330 N.C. 174, 178, 410 S.E.2d 61, 63 (1991) ("In noncapital felony trials, this right to confrontation is purely personal in nature and may be waived by a defendant."). Significantly, "[a] defendant's voluntary and unexplained absence from court subsequent to the commencement of trial constitutes such a waiver. Once trial has commenced, the burden is on the defendant to explain his or her absence; if this burden is not met, waiver is to be inferred." *Id.* (internal citations omitted). We review a trial court's denial of a motion to continue a trial for an abuse of discretion. *State v. Ferebee*, 266 N.C. 606, 609, 146 S.E.2d 666, 668 (1966).

In the instant case, at the close of the State's evidence on the afternoon of 17 October, defense counsel informed the trial court that

Defendant had contacted one of his defense witnesses to tell him that he was in the hospital. Before that time, no explanation or reason had been provided for Defendant's absence. Further, Defendant never got in touch with either his defense counsel or the clerk of court to account for his failure to appear. As noted by the trial court, the only statements offered as to why Defendant was not present were second- or third-hand, and defense counsel was "not in a position to be able to certify, verify, or swear to anything that was told to her by other people. The Defendant has not provided [defense counsel] with any documentation from any hospital authority, he simply makes statements to her[.]"

Additionally, the trial court observed:

I realize, and the Defendant realizes, that he is facing punishment under Class C, a felony, and there are many reasons why a person would be motivated just to simply leave with the belief that he would not be called upon to be tried. That, again, is just inconsistent with the concept of our court system and our cases must move along.

Even when defense counsel did offer a letter from a doctor verifying Defendant's location in the hospital, the letter did not have any kind of diagnosis or prognosis, but instead contained only the statement that Defendant was being kept for observation. The unspecific nature of the letter and Defendant's alleged ailment corresponded to the trial court's apparent suspicion that Defendant had claimed chest pains in order to be admitted and avoid his trial. Although the letter did, in fact, confirm Defendant's location, it was insufficient to show that his absence was involuntary or due to immediately necessary medical treatment; thus, it explained his absence without lawfully excusing it. *See Richardson,* 330 N.C. at 178, 410 S.E.2d at 63.

Moreover, in outlining its decision not to continue the trial because Defendant had waived his right to confrontation, the trial court referred defense counsel to *Richardson* and a number of decisions by this Court. We see no meaningful distinction between the facts in the instant case and those in *Davis, Richardson,* and the other cases mentioned by the trial court. Indeed, given this obvious reliance on past precedents in reaching its decision, as well as the measured explanations it gave throughout the course of trial, each time it determined to move forward in Defendant's absence, we can discern no abuse of discretion in the trial court's decision to proceed. *State v. Campbell,* 359 N.C. 644, 673, 617 S.E.2d 1, 19 (2005)

**IN RE I.D.G.**

[188 N.C. App. 629 (2008)]

(holding that an abuse of discretion occurs only where a trial court's ruling "is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision."), *cert. denied*, 547 U.S. 1073, 164 L. Ed. 2d 523 (2006). This assignment of error is accordingly overruled.

No error.

Judges BRYANT and ELMORE concur.