STATE v. ANDERSON

[222 N.C. App. 138 (2012)]

STATE OF NORTH CAROLINA v. JIMRECO ROCHELL ANDERSON

No. COA12-6

(Filed 7 August 2012)

**1. Constitutional Law—right to confrontation—absence from court—insufficient evidence to explain absence—waiver**

The trial court did not err in a felony assault with a deadly weapon inflicting serious injury case by concluding that defendant's absence from court on the second day of trial was insufficient to sustain a motion to dismiss on constitutional grounds even though defendant contended that he was deprived of his right to confront his accusers. The evidence was insufficient to satisfy defendant's burden to explain his absence. Thus, defendant waived his right to confrontation.

**2. Evidence—prior crimes or bad acts—domestic violence incident—showing location and not conformity**

The trial court did not commit plain error in a felony assault with a deadly weapon inflicting serious injury case by allowing an officer to testify that police searched for defendant at a particular location because he was involved in a previous domestic incident there. The testimony was not admitted to prove conformity, but instead for the sole purpose of explaining why officers searched for defendant at a particular location.

**3. Assault—deadly weapon inflicting serious injury—addition to pattern jury instruction—three gunshot wounds to leg a serious injury**

The trial court did not commit plain error in a felony assault with a deadly weapon inflicting serious injury case when it added to the pattern jury instructions that three gunshot wounds to the leg was a serious injury. It was unlikely that reasonable minds could differ as to whether the injuries suffered by the victim were serious in nature. Further, defendant made no argument on appeal, beyond mere speculation, to support his assertion that it was likely that the jury would have reached a different conclusion absent this instruction.

**4. Damages and Remedies—restitution—insufficient evidence of amount**

The trial court erred in a felony assault with a deadly weapon inflicting serious injury case by ordering defendant to pay resti-

tution because the State failed to present any evidence to support the restitution order. This issue was reversed and remanded for additional proceedings.

Appeal by defendant from judgment entered upon a jury conviction by Judge Marvin P. Pope, Jr., in Lincoln County Superior Court. Heard in the Court of Appeals 5 June 2012.

*Attorney General Roy Cooper, by Special Deputy Attorney General M. A. Kelly Chambers, for the State.*

*Assistant Appellate Defender Staples S. Hughes and Assistant Appellate Defender Kristen L. Todd, for defendant.*

ELMORE, Judge.

Jimreco Rochell Anderson (defendant) appeals from a judgment entered upon a jury conviction of felony assault with a deadly weapon inflicting serious injury. The judgment (1) sentenced him to 23 to 37 months imprisonment, suspended upon completion of 48 months of supervised probation and (2) ordered him to pay $4,327.43 in restitution. After careful consideration, we find no error in part and remand in part.

At trial, the State's evidence showed that defendant began living in the home of his second cousin, James Johnson in November or December 2009. At that time, defendant told Johnson that he had nowhere else to live. At some point between then and February 2010, defendant's two friends, "Tone" and "Red Man", also moved into Johnson's home. The relationship between defendant and Johnson then began to deteriorate. Johnson was bothered that defendant had other guests in the home, claiming, "[i]t was just like he was taking over."

Johnson asked defendant and his friends to move out several times, but the men did not leave. On 7 February 2010, Johnson was arguing with "Tone" when defendant arrived home and joined the argument. The argument further escalated until defendant retrieved a revolver from his room and said to Johnson, "You didn't know I had this, did you?" Defendant then shot Johnson once below the knee, causing Johnson to fall back into a recliner. Defendant then shot him again, directly in the knee. At this time, Johnson tried to stand up from the recliner, but defendant shot him a third time, just above the knee. Johnson then again tried to stand up and to retrieve a phone from his bedroom to call for help, but defendant told him that if he left the recliner he would shoot him again. At this time, Tone and Red

Man began collecting their belongings, and after approximately ten minutes they, along with defendant, left the residence. As defendant was leaving, he tossed a phone to Johnson, who was still in the recliner.

Johnson called 911, and he was transported to Lincoln Medical Center in Lincolnton. He was then later transported from Lincolnton to Carolinas Medical Center in Charlotte to undergo surgery to remove a bone fragment from his knee. He remained in the hospital for two days, after which he was released with medication to manage the pain from his injuries and surgery.

While still at the first medical center, Johnson told detectives that defendant had shot him. He then gave the detectives defendant's name and phone number. One of the detectives tried calling this phone number several times, but he was unsuccessful in reaching defendant. Police officers searched for defendant that evening at several locations, including one where they had previously received "domestic calls" from a girl defendant had dated. But the officers were unable to locate him. A warrant for defendant's arrest was issued the following day, 8 February 2010.

Officers continued to search for defendant for the next month at several different locations, but they were unsuccessful in their attempts to locate him. On 8 March 2012, defendant surrendered. He was charged with assault with a deadly weapon inflicting serious injury.

Defendant's jury trial began on 19 July 2011. Defendant was present for the first day of trial. At the end of the first day, the trial court announced that the proceedings would resume at 9:30 AM the next morning. Defendant agreed to meet his attorney at 9:00 AM. However, defendant never arrived the next day. The trial court gave defendant's attorney time to locate him, but when defendant could not be located, the trial proceeded without him.

During the second day of trial, the State called Sergeant Lee Keller of the Lincoln County Sheriff's Department to testify regarding the early stages of the investigation. Keller testified as to the various locations where officers looked for defendant on the night of the shooting. In explaining the search, Keller noted that officers had checked "one location off of Campground Road that they knew he had—one point in time dated a girl 'cause they answered domestic calls out there.' We went over there and attempted to locate him there." Defendant's attorney did not object to this statement.

STATE v. ANDERSON

[222 N.C. App. 138 (2012)]

Following the close of the State's evidence on the second day of trial, defendant's attorney moved to continue the proceedings. He argued that the trial should be delayed so that defendant "could exercise his constitutional rights to testify[]." The trial court denied the motion. Defendant's attorney then moved to dismiss the case for insufficiency of the evidence. The trial court again denied the motion. Next, the trial court asked "[e]vidence for [] defendant?" and defendant's attorney replied "[n]o, Sir."

Shortly after jury deliberations began, defendant's attorney received a note from his associate, indicating that a friend of defendant's, Stacie Wilson, had called to inform the trial court that defendant had been in the hospital that day suffering from stomach pains. The trial court then asked defendant's attorney "do you know who Stacie Wilson is[?]" and defendant's attorney replied "I don't. . . . I'm assuming it's a family member." The trial court then allowed the information into the record, but noted that "that there was no documentation, no information as to who Stacie Wilson is, or what hospital the defendant was in, or is in, or any other information." The jury then returned, and rendered a guilt verdict.

The proceedings then resumed the following day for sentencing. Defendant was present on the third day. Prior to sentencing, defendant's attorney again made a motion to dismiss, arguing that defendant was "overcome with what he says has been a recurring abdominal gastrological pains" causing him to miss trial and proceed to the hospital on the day prior. Defendant's attorney then presented the trial court with documentation of defendant's hospital visit. This documentation was a note reading, "Thank you for visiting the Presbyterian Hospital at Huntersville Emergency Department and he was evaluated by (phonetic) Franklin Tremirus, P.A. for abdominal pain, gastritis, abnormal creatin." However, the trial court noted that "there is not a date or time of admission on this." The trial court then concluded that "assuming that [defendant] was sick yesterday, . . . [t]his case went to the jury approximately 12:15 and there is not sufficient evidence to indicate to the Court that the defendant lacked the ability to reach he [sic] attorney or to reach the clerk to advise them of his medical condition." The trial court then denied the motion to dismiss.

Defendant was then sentenced to 23 to 37 months imprisonment, suspended upon completion of 48 months probation. He was also ordered to pay $4,327.43 in restitution. Defendant now appeals.

STATE v. ANDERSON

[222 N.C. App. 138 (2012)]

## II.  Arguments

### A.  Motion to dismiss

**[1]** Defendant first argues that his absence from court on the second day of trial was sufficient to sustain a motion to dismiss on constitutional grounds, because he was deprived of his right to confront his accusers. Defendant specifically argues that he satisfied his burden of explaining his absence, and that he did not waive his right to confrontation. We disagree.

"The standard of review for alleged violations of constitutional rights is *de novo.*" *State v. Graham*, 200 N.C. App. 204, 214, 683 S.E.2d 437, 444 (2009), appeal dismissed and *disc. review denied*, 363 N.C. 857, 694 S.E.2d 766 (2010); *see also Piedmont Triad Reg'l Water Auth. v. Sumner Hills, Inc.*, 353 N.C. 343, 348, 543 S.E.2d 844, 848 (2001) ("*[D]e novo* review is ordinarily appropriate in cases where constitutional rights are implicated." (citations omitted)).

> In noncapital felony trials, [the] right to confrontation is purely personal in nature and may be waived by a defendant. A defendant's voluntary and unexplained absence from court subsequent to the commencement of trial constitutes such a waiver. Once trial has commenced, the burden is on the defendant to explain his or her absence; if this burden is not met, waiver is to be inferred.

*State v. Richardson*, 330 N.C. 174, 178, 410 S.E.2d 61, 63 (1991) (citations and quotations omitted).

In *Richardson*, our Supreme Court upheld the trial court's determination that the defendant failed to satisfy his burden to explain his absence from trial. There, the trial had begun before the defendant went missing. *Id.* at 179, 410 S.E.2d at 63-64. "[A] friend of [the] defendant's telephoned the Clerk to inform the court that [the] defendant was absent due to back problems." *Id.* at 179, 410 S.E.2d at 64. However, "[t]he trial court found that such contact . . . did not suffice as an explanation[.]" *Id.* The defendant then later appeared at the trial and "presented records showing that he had been treated at Halifax Memorial Hospital for head injuries resulting from a fall, but the time of treatment was not noted." *Id.* at 177, 410 S.E.2d at 62. Again, the trial court found that the defendant proved "no satisfactory explanation" for his absence. *Id.* at 180, 410 S.E.2d at 64.

Here, defendant was missing from the courtroom after the trial had commenced on the second day. Thus, like the defendant in *Richardson*, defendant here carried the burden of explaining his

absence. Defendant attempted to explain his absence by offering the following evidence: (1) a phone call from Stacie Wilson, a person who failed to provide any information as to who she was or what hospital defendant was in and (2) a note from Presbyterian Hospital indicating that defendant had been treated there at some point, but which lacked any indication of the date or time of treatment. Thus, under the precedent established by *Richardson*, we conclude that this evidence was insufficient to satisfy defendant's burden to explain his absence. Accordingly, we conclude that defendant waived his right to confrontation.

Further, we note that here defendant has only chosen to appeal the denial of his motion to dismiss and not the denial of his motion to continue. "This Court reviews the trial court's denial of a motion to dismiss *de novo.*" *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007) (citation omitted). When ruling on a motion to dismiss, the court only addresses "whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455, *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000) (citation omitted). " 'Substantial evidence' is relevant evidence that a reasonable person might accept as adequate to support a particular conclusion." *State v. Royal*, 723 S.E.2d 583 (N.C. Ct. App. 2012). The essential elements of assault with a deadly weapon inflicting serious injury are "(1) an assault (2) with a deadly weapon (3) inflicting serious injury (4) not resulting in death." *State v. Ryder*, 196 N.C. App. 56, 66, 674 S.E.2d 805, 812 (2009) (citation omitted). "Assault is an overt act or attempt, with force or violence, to do some immediate physical injury to the person of another, which is sufficient to put a person of reasonable firmness in fear of immediate physical injury." *State v. Bagley*, 183 N.C. App. 514, 526, 644 S.E.2d 615, 623 (2007) (quotation and citation omitted). "A pistol or a revolver is a deadly weapon *per se.*" *Id* (citation omitted). "Serious injury is 'physical or bodily injury resulting from an assault with a deadly weapon[.]' " *Id* (citation omitted).

Here, the State presented evidence showing that (1) defendant assaulted Johnson by shooting him three times in the leg with a revolver and (2) that Johnson suffered injuries requiring hospitalization and surgery. We conclude that this evidence is sufficient to overcome a motion to dismiss. Accordingly, we conclude that the trial court did not err with regards to this issue.

B.   Character evidence

**[2]**  Defendant next argues that the trial court committed plain error by allowing a witness for the State, Sergeant Lee Keller, to testify that police searched for defendant at a particular location because he was involved in a previous domestic incident there. We disagree.

First, we note that defendant's attorney did not object to Sergeant Keller's statement at trial.

> In criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error.

N.C.R. App. P. 10(a)(4); *see also State v. Goss*, 361 N.C. 610, 622, 651 S.E.2d 867, 875 (2007), *cert. denied*, 555 U.S. 835, 172 L. Ed. 2d 58 (2008). Here, defendant has specifically alleged plain error in his brief. Thus, we will review accordingly.

Plain error arises when the error is " 'so basic, so prejudicial, so lacking in its elements that justice cannot have been done[.]' " *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982), *cert. denied*, 459 U.S. 1018, 74 L. Ed. 2d. 513 (1982)). "Under the plain error rule, defendant must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result." *State v. Jordan*, 333 N.C. 431, 440, 426 S.E.2d 692, 697 (1993) (citation omitted).

Here, Sergeant Keller testified that while searching for defendant following the shooting, officers checked an address off of Campground Road because at one point the police "answered domestic calls out there" involving defendant and a girl he was dating. Defendant contends that he was prejudiced by this testimony because it implied that he was involved in some prior act of violence. Defendant classifies this statement to be inadmissible character evidence, and he further alleges that if the testimony had been excluded, the jury would have reached a different verdict. We disagree.

With regard to defendant's first contention, our General Statutes provide that "[e]vidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion[.]" N.C. Gen. Stat. § 8C-1, Rule 404 (2011). But "[w]here evidence is relevant for some

purpose other than proving character, it is not inadmissible because it incidentally reflects upon character." *State v. Barnett*, 41 N.C. App. 171, 174, 254 S.E.2d 199, 201 (1979) (citation omitted).

Here, it is clear from the record that the testimony at issue was not admitted to prove conformity. Rather, the record shows that the statement was only admitted for the sole purpose of explaining why officers searched for defendant at a particular location.

Further, we are not persuaded by defendant's argument that he would not have been convicted by the jury had this testimony been excluded. The State presented overwhelming evidence of defendant's guilt, including detailed testimony from Johnson regarding how and when defendant shot him. Defendant did not present any evidence or any witnesses to suggest an alternate theory of events. Thus, we conclude that the trial court did not err with regards to this issue.

## C. Jury Instructions

[3] Defendant next argues that the trial court committed plain error when it added to the pattern jury instructions that three gunshot wounds to the leg was a serious injury. Specifically, defendant contends that whether three gunshot wounds was a serious injury was an issue for the jury to decide. We disagree.

This Court has held that

> the trial court may remove the element of serious injury from consideration by the jury by peremptorily declaring the injury to be serious. However, such a declaration is appropriate only when the evidence is not conflicting and is such that reasonable minds could not differ as to the serious nature of the injuries inflicted.

*State v. Bagley*, 183 N.C. App. 514, 527, 644 S.E.2d 615, 623-24 (2007) (quotations and citations omitted). "Factors our courts consider in determining if an injury is serious include pain, loss of blood, hospitalization[,] and time lost from work." *State v. Owens*, 65 N.C. App. 107, 111, 308 S.E.2d 494, 498 (1983) (citation omitted).

Here, Johnson testified that (1) he was shot three times, (2) he was hospitalized for two days, (3) he had surgery to remove a bone fragment from his leg, and (4) he continued to experience pain from the injuries up through the time of the trial. From this evidence, we conclude that it is unlikely that reasonable minds could differ as to whether the injuries suffered by Johnson were serious in nature.

Further, defendant makes no argument on appeal, beyond mere speculation, to support his assertion that it is likely that the jury would have reached a different conclusion if not for the part of the jury instructions to which he takes issue. Thus, we are not persuaded by defendant that the inclusion of this language in the jury instructions rises to the level of plain error. We conclude that the trial court did not err with regard to this issue.

D.  Restitution

[4]  Finally, defendant argues that the trial court erred in ordering him to pay restitution, because the State failed to present any evidence to support the restitution order. We agree.

This court has previously held that "[t]he amount of restitution recommended by the trial court must be supported by evidence adduced at trial or at sentencing" and that "the unsworn statements of the prosecutor . . . [do] not constitute evidence and cannot support the amount of restitution recommended." *State v. Replogle*, 181 N.C. App. 579, 584, 640 S.E.2d 757, 761 (2007) (citations and quotations omitted).

Here, the State admits in its brief that "there was no evidence submitted during the trial of the actual medical expenses incurred by [ ] Johnson." Likewise, upon a review of the record we are unable to find any evidence indicating the precise amount of these expenses. Accordingly, we reverse and remand this issue to the trial court for further proceedings.

No error in part, reversed and remanded in part.

Chief Judge MARTIN and Judge HUNTER, JR., Robert N., concur.