STATE OF NORTH CAROLINA v. XAVIER HOSEA SHAW

No. COA11-874

(Filed 7 February 2012)

**1. Criminal Law—defendant's presence at trial—no absolute right to waive**

Defendant's argument in a robbery with a dangerous weapon, possession of a firearm by a felon, and violent habitual felon case that he was entitled to a new trial because the trial court erred in forcing him to be present at his trial was overruled. Defendant did not raise any constitutional issues in support of his argument before the trial court and those issues were not considered for the first time on appeal. Further, a defendant's right to waive presence for entry of pleas under N.C.G.S. § 15A-1011 is not applicable to waiver of presence at trial. Finally, there are no cases recognizing a defendant's absolute right to not be present at trial.

**2. Criminal Law—defendant restrained in courtroom—not entitled to new trial**

Defendant in a robbery with a dangerous weapon, possession of a firearm by a felon, and violent habitual felon case was not entitled to a new trial where the court required defendant to be restrained in the courtroom. Defendant acknowledged the considerable case law against his position on this issue and admitted that his argument standing alone was insufficient to call for a new trial.

Appeal by Defendant from judgment entered 18 February 2011 by Judge Paul G. Gessner in Wake County Superior Court. Heard in the Court of Appeals 12 January 2012.

*Attorney General Roy Cooper, by Assistant Attorney General Richard J. Votta, for the State.*

*Richard E. Jester for Defendant.*

STEPHENS, Judge.

Defendant Xavier Hosea Shaw was indicted on one count each of robbery with a dangerous weapon, possession of a firearm by a felon, and having attained violent habitual felon status. Shaw pled not guilty

to the charges and was tried by a jury in Wake County Superior Court, the Honorable Paul G. Gessner presiding. The jury returned verdicts finding Shaw guilty of the charges. The trial court arrested judgment on the charges of possession of a firearm by a felon and of having attained violent habitual felon status and sentenced Shaw to life imprisonment without parole on the charge of robbery with a dangerous weapon. Shaw gave notice of appeal in open court.

[1] On appeal, Shaw first argues that he is entitled to a new trial because the trial court erred in "forcing [] Shaw to be present" at his trial. Shaw contends that he had "an absolute right to waive his presence at trial" such that the trial court's denial of Shaw's "waiver of appearance"—in which Shaw attempted to "specifically waive[] his right to be present at every stage of his trial"—was error warranting a new trial. We are unpersuaded.

As authority supporting the existence of an absolute right to waive one's presence at trial, Shaw references (1) a citizen's right to travel protected by the United States Constitution; (2) a defendant's right to waive presence for entry of pleas under N.C. Gen. Stat. § 15A-1011; and (3) various North Carolina cases recognizing a criminal defendant's limited right to waive presence at some stages of trial. In our view, however, none of these authorities establish the existence of an absolute right to waive presence at trial.

Regarding Shaw's constitutional argument, we note that Shaw did not raise any constitutional issues in support of his waiver argument before the trial court. Because constitutional issues not raised and passed upon at trial will not be considered for the first time on appeal, *State v. Benson*, 323 N.C. 318, 322, 372 S.E.2d 517, 519 (1988), to the extent Shaw bases his argument on constitutional grounds, such argument is not properly before this Court.

As for Shaw's contention that section 15A-1011—which sets out the procedure for a defendant to waive appearance and plead not guilty, N.C. Gen. Stat. § 15A-1011(d) (2009)—this Court has previously held that section 15A-1011(d) "applies to a defendant's waiver of her right to be present for entry of pleas" and "is not applicable where a defendant waives her right to be present at other times during her trial." *State v. Whitted*, ___ N.C. App. ___, ___, 705 S.E.2d 787, 794 (2011). As section 15A-1011 is not applicable to waiver of presence at trial, it cannot provide support for Shaw's argument that he has an absolute right to waive his presence at trial.

Finally, regarding the purported case law recognizing a right to waive trial presence, we note that our Courts have consistently held only that a defendant in a non-capital felony trial *may* voluntarily waive his right to confrontation by failing to appear at his trial subsequent to the commencement of trial. *See, e.g., State v. Richardson,* 330 N.C. 174, 178, 410 S.E.2d 61, 63 (1991). However, there are no cases recognizing a defendant's absolute right to not be present at trial. Rather, our Supreme Court long ago held that

> [t]he court will always require the presence of the prisoner in court during the trial . . . if he be in close custody of the law, unless in case the prisoner expressly himself, and not by counsel, waives his right to be present; but the court may require it, if it shall deem it advisable to do so.

*State v. Kelly,* 97 N.C. 404, 407-08, 2 S.E. 185, 187 (1887). Clearly, then, our Supreme Court has contemplated a trial court's power to require a defendant's presence at his trial, even despite that defendant's attempted waiver. Further, Shaw offers no support, either logical or precedential, for the contention that the limited ability to waive one's right to be present implicates a concomitant and absolute right of absence. Indeed, persuasive authority contends otherwise. *Singer v. United States,* 380 U.S. 24, 34-35, 13 L. Ed. 2d 630, 638 (1965) ("The ability to waive a constitutional right does not ordinarily carry with it the right to insist upon the opposite of that right. . . . Moreover, it has long been accepted that the waiver of constitutional rights can be subjected to reasonable procedural regulations . . . ."); *United States v. Moore,* 466 F.2d 547, 548 (3d Cir. 1972) ("While [the Federal Rules of Evidence] permit the court to continue the trial when the defendant absents himself, [they do] not, concomitantly, vest a *right of absence* in a defendant."). We agree with this authority. In our view, Shaw has failed to establish that he had any right to be absent at trial. Accordingly, the trial court's denial of Shaw's attempted waiver of presence was not error warranting a new trial. Shaw's argument is overruled.

[2] Shaw also argues that he is entitled to a new trial because the court erred "in requiring [] Shaw to be restrained in the courtroom." However, Shaw acknowledges the "considerable case law against [his] position" on this issue and admits that his argument "standing alone is insufficient to call for a new trial." We agree. As noted by Shaw, the trial court complied with all applicable law regarding

Shaw's restraint. Therefore, we conclude that Shaw is likewise not entitled to a new trial on this issue.

NO ERROR.

Judges STROUD and BEASLEY concur.