IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-450

Filed 04 April 2023

Rutherford County, Nos. 19 CRS 686, 19 CRS 52144

STATE OF NORTH CAROLINA

v.

ANTONIO DUPREE JEFFERSON

Appeal by Defendant from Judgment entered 17 November 2021 by Judge Joseph N. Crosswhite in Rutherford County Superior Court. Heard in the Court of Appeals 16 November 2022.

> *Attorney General Joshua H. Stein, by Special Deputy Attorney General Katherine A. Murphy and Special Deputy Attorney General Olga E. Vysotskaya de Brito, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Aaron Thomas Johnson, for defendant-appellant.*

HAMPSON, Judge.

## **Factual and Procedural Background**

Antonio Dupree Jefferson (Defendant) appeals from Judgment entered 17 November 2021 upon jury verdicts finding Defendant guilty of Assault by Strangulation, Habitual Misdemeanor Assault, and being a Habitual Felon.[1] The Record before us tends to reflect the following:

---

[1] The Judgment contained in the Record does not reflect a file-stamp. However, the Statement of Organization of Trial Tribunal in the settled Record reflects this Judgment was, in fact, entered.

On 19 August 2019, Defendant was indicted for Assault by Strangulation, Assault on a Female, and Second-Degree Kidnapping. On 9 December 2019, Defendant was indicted for Habitual Misdemeanor Assault, and on 24 August 2020, Defendant was charged in a superseding indictment as having attained Habitual Felon status.

This matter came on for trial on 15 November 2021. Defendant was present in the courtroom on the first day of proceedings and expressed he was not ready for his case to go to trial. The trial court adjourned and informed all parties, including Defendant, proceedings would resume the following morning.

However, the next day, Defendant refused to leave his jail cell to attend the trial court proceedings. The trial court asked Defendant's counsel to take his cellphone to Defendant so the trial court could address Defendant. The trial court engaged in a colloquy with Defendant offering to give Defendant "every opportunity . . . to let [Defendant] participate in this trial and let [Defendant] participate in [his] own defense."

After conferring with Defendant's counsel and the State, the trial court engaged in a second colloquy with Defendant by phone to determine whether Defendant was still unwilling to attend trial. When the trial court repeatedly asked Defendant if he would attend trial, Defendant did not respond. The trial court then informed Defendant it is his "right not to participate, but if [he] continue[s] to say that [he] won't participate, then [the trial court] fully want[s] [Defendant] to know

that we are going to proceed." The trial court further informed Defendant his absence would preclude him from participating in his trial or providing assistance to his counsel. Defendant continued to ignore the trial court's inquiries, stating he would instead be taking a shower.

The trial court stated on the record:

> The Court has attempted to give [Defendant] the right to proceed with this trial and to participate in this trial; that [Defendant] has continually interrupted this Court, the prosecutor, and his attorney over and over again. [Defendant] has indicated that he will not participate in this trial. The Court will find that his behavior is willfully disruptive.

The trial court also made findings detailing the prior history of the case, the time Defendant and his counsel had to prepare his defense, and Defendant's refusal to cooperate with his defense counsel over the prior year. The trial court further noted: "The Court has, through numerous telephone conversations today offered the defendant to be here, offered to have the defendant brought clothes or to make a phone call, or to do anything the Court can to make his appearance here more comfortable and more beneficial to the defendant." The trial court stated on the record: Defendant refused to attend trial or assist his counsel in preparing his defense and Defendant was obstructing justice. Based on these findings, the trial court announced its intention to proceed with trial, beginning later that morning.

The trial court again beseeched Defendant: "I will tell you everything that I just said, I will completely take it back. We will welcome you to be here. We will give

you every opportunity to change clothes and participate in trial. I certainly hope that you reconsider that between now and the next little bit that we bring the jury over here." The trial court offered Defendant another opportunity to address the court, and Defendant again asserted his desire to instead take a shower. Yet again, the trial court informed Defendant: "Well, I will tell you this. I will again offer you the ability to get your clothes changed and get on over here. You're just a walk across the street. So we will sit here, and we will wait, but I will tell you it's every intention I have to proceed with this trial in about 15 minutes when the jury gets back. So hopefully you will have a change of heart, but I certainly am not going to force them to restrain you and carry you over here, okay?"

The trial court again delayed the start of trial, after Defendant later appeared to indicate he wished to be present; however, Defendant ultimately declined to attend the proceedings. Before opening statements, the trial court addressed the jury: "Before we get started, I just want to inform you that . . . the defendant in this matter, was given an opportunity to be here this morning, and he declined. In the Court's discretion, this trial will proceed in his absence. I instruct you that the guilt or innocence of [Defendant] is to be based on the evidence presented in court and the law that I will give to you. The fact that [Defendant] is not present in court should not influence your decision in any way."

After hearing testimony from the State's first witness, the trial court announced a recess and outside the presence of the jury, asked Defendant's counsel

to speak with Defendant once again about attending the proceedings. Defendant's counsel spoke with Defendant via the jail's intercom system; however, Defendant refused to attend and hung up on his trial counsel. Even after this, the trial court again asked Defendant's counsel to visit his client at the jail and to try one more time to invite Defendant to take part in his trial. Defendant refused to speak with his counsel or the trial court.

The trial court reconvened, and the State called additional witnesses to testify. After the last of the State's witnesses testified, the trial court took a brief recess. When the trial court resumed, Defendant chose to attend the hearing. Defendant did not explain his prior absence. The trial court informed Defendant he still had the right to testify in his defense; however, Defendant chose not to testify. The trial court engaged Defendant in a brief colloquy for the purpose of recording Defendant's stipulation to his prior convictions. Defendant stipulated to prior convictions of Assault by Strangulation and Assault on a Detention Employee.

On 17 November 2021, the trial court reconvened for the final day of proceedings—with Defendant in attendance. The State presented the trial court with a recorded phone call from the prior morning in which Defendant stated he was attempting to delay the trial court from moving forward. The trial court admitted the recording into evidence and noted it would not be published to the jury unless it became relevant at a later point in time.

The same day, the jury returned a verdict finding Defendant guilty of Assault by Strangulation and guilty of Assault on a Female. The jury also returned a verdict finding Defendant guilty of having the status of being a Habitual Felon.

The trial court subsequently entered its Judgment. The trial court applied Defendant's conviction for Assault on a Female as the basis for Defendant's charge of Habitual Misdemeanor Assault, and therefore arrested judgment on the Assault on a Female conviction. The trial court consolidated the remaining charges—one count of Habitual Misdemeanor Assault and one count of Assault by Strangulation, each enhanced by Defendant's Habitual Felon status—for purposes of sentencing. The trial court sentenced Defendant as a Habitual Felon to a consolidated, active sentence of 97 to 129 months of imprisonment. Defendant provided oral Notice of Appeal in open court.

## Issue

The dispositive issue on appeal is whether Defendant, through his actions, waived his right to be present during a portion of trial by actively refusing the trial court's repeated offers for Defendant to attend trial made during multiple colloquies between Defendant and the trial court.

## Analysis

Defendant contends the trial court erred by proceeding in Defendant's absence as he did not validly waive his right to be present at trial. Specifically, Defendant claims his waiver was uninformed and thus, invalid, as the trial court failed to ensure

Defendant was aware of his "obligation" to be present. The State, however, argues Defendant failed to preserve the issue of his absence from trial as he did not object to the trial court proceeding in his absence. The State further asserts the trial court did not err in proceeding with trial in Defendant's absence where Defendant refused to leave his cell despite the trial court's entreaties to him to voluntarily take part in the trial.

"When a party fails to timely object at trial, he has the burden of establishing his right to appellate review by showing that the exception was preserved by rule or law or that the error alleged constitutes plain error." *State v. Miller*, 146 N.C. App. 494, 501, 553 S.E.2d 410, 415 (2001) (citations omitted). Defendant concedes plain error review is not available in this case. Instead, Defendant contends his right to appellate review is governed by N.C. Gen. Stat. § 15A-1446, which provides no objection is required to preserve an argument "[t]he defendant was not present at any proceeding at which his presence was required." N.C. Gen. Stat. § 15A-1446(d)(15) (2021). However, our Court has also held "[t]he failure to object at trial to the alleged denial of [a defendant's constitutional right to be present at all stages of the trial] constitutes waiver of the right to argue the denial on appeal." *Miller*, 146 N.C. App. at 501, 553 S.E.2d at 415 (citations omitted).

However, even presuming the issue of Defendant's right to be present for the entirety of his trial was preserved, a defendant, through his actions, may waive that right. The right of the defendant to be present at criminal proceedings is protected

by both the federal and state constitutions. *See* U.S. Const. amends. VI, XIV; N.C. Const. art. I, § 23. "In particular, our state Constitution provides in pertinent part: 'In all criminal prosecutions, every person charged with crime has the right . . . to confront the accusers and witnesses with other testimony. . . .'" *State v. Richardson*, 330 N.C. 174, 178, 410 S.E.2d 61, 63 (1991) (quoting N.C. Const. art. I, § 23). Nevertheless, "[i]n noncapital felony trials, this right to confrontation is purely personal in nature and may be waived by a defendant." *Id.* (citing *State v. Braswell*, 312 N.C. 553, 558, 324 S.E.2d 241, 246 (1985)); *see also Taylor v. United States*, 414 U.S. 17, 19, 94 S.Ct. 194, 195, 38 L.Ed.2d 174, 177 (1973) ("[w]here the offense is not capital and the accused is not in custody, the prevailing rule has been, that if, after the trial has begun in his presence, he voluntarily absents himself, this does not nullify what has been done or prevent the completion of the trial, but, on the contrary, operates as a waiver of his right to be present and leaves the court free to proceed with the trial in like manner and with like effect as if he were present." (citations and quotation marks omitted)). In other words, "[i]n every criminal prosecution it is the right of the accused to be present throughout the trial, unless he waives the right." *State v. Pope*, 257 N.C. 326, 330, 126 S.E.2d 126, 129 (1962). For example, "[a] defendant may waive the general right to be present at his trial through his voluntary and unexplained absence from court." *State v. Davis*, 186 N.C. App. 242, 243, 650 S.E.2d 612, 614 (2007). "[I]n order to waive the right to be present, however, the defendant must be aware of the processes taking place, of his right and of his

obligation to be present, and he must have no sound reason for remaining away." *State v. Sides*, 376 N.C. 449, 458, 852 S.E.2d 170, 177 (2020) (citation and quotation marks omitted).

Here, it is evident Defendant, by his own choice, elected to absent himself from trial—notwithstanding the efforts of his trial counsel and the trial court to convince him otherwise. On multiple occasions, the trial court interacted with Defendant and provided him the opportunity to be present, advised him that the trial would proceed in Defendant's absence, attempted to impress upon Defendant that his absence would impair Defendant's ability to assist in his defense and make it harder to defend the case, and offered to delay the trial briefly to allow Defendant to change clothes and appear in court. Indeed, it is clear Defendant was aware of the processes taking place and his right to be present. Further, Defendant offered no sound reason for his absence.

Nevertheless, on appeal, Defendant contends his absence did not constitute a voluntary waiver of his right to be present at trial because he was not sufficiently made aware of his "obligation to be present." Specifically, Defendant claims two particular instances in the trial court's repeated colloquies with Defendant in which the trial court stated: "I suppose that is really your right not to participate" and "if you don't want to participate, again, that is your right" somehow nullified the voluntariness of Defendant's absence from trial. Defendant argues the trial court's

suggestion Defendant had a "right" not to participate at trial was error because "there is, in general, no right for a defendant to be absent from his own trial[.]"

Defendant cites no case law to suggest a trial court is required to engage in a colloquy with a defendant prior to the defendant absenting themselves from trial. Defendant also makes no argument or showing that he was not, in fact, aware of his obligation to attend his own trial. To the contrary, the Record reflects Defendant's obstinance and refusal to attend trial was an attempt to disrupt and delay the trial in the forlorn hope the trial court would not proceed in his absence.

Defendant broadly cites *State v. Shaw*, 218 N.C. App. 607, 721 S.E.2d 363 (2012), in support of his position. It is true, in *Shaw*, this Court observed: "there are no cases recognizing a defendant's absolute right to not be present at trial." *Id.* at 609, 721 S.E.2d at 364. However, *Shaw* addressed a defendant's argument that it was error for the trial court to compel his presence and force him to appear at trial—an argument this Court rejected. *Id.* Indeed, this Court expressly noted:

> [t]he court will always require the presence of the prisoner in court during the trial . . . if he be in close custody of the law, unless in case the prisoner expressly himself, and not by counsel, waives his right to be present; but the court may require it, if it shall deem it advisable to do so.

*Id.* at 609, 721 S.E.2d at 365 (quoting *State v. Kelly*, 97 N.C. 404, 407-08, 2 S.E. 185, 187 (1887)). Thus, *Shaw* recognized the long-standing rule that a defendant may waive his right to be present and the trial court *may* compel the defendant's presence if the trial court deems it advisable to do so. Notably, in this case, Defendant does

not contend the trial court was required to compel Defendant's presence and force him to appear at trial. In fact, it is clear the trial court, in its colloquies with Defendant, did not deem it advisable to compel Defendant to appear in order to avoid further disruption by Defendant. By advising Defendant it was Defendant's "right" not to be present, the trial court was plainly conveying to Defendant that the choice to appear or waive his presence at trial was Defendant's. This is not inconsistent with our opinion in *Shaw*.

Moreover, although not addressed by the parties on appeal, the trial court astutely and prudently also complied with N.C. Gen. Stat. § 15A-1032, which permits a trial judge to remove a disruptive defendant from the trial. Section 15A-1032 provides:

> (a) A trial judge, after warning a defendant whose conduct is disrupting his trial, may order the defendant removed from the trial if he continues conduct which is so disruptive that the trial cannot proceed in an orderly manner. When practicable, the judge's warning and order for removal must be issued out of the presence of the jury.
>
> (b) If the judge orders a defendant removed from the courtroom, he must:
>
> > (1) Enter in the record the reasons for his action; and
> >
> > (2) Instruct the jurors that the removal is not to be considered in weighing evidence or determining the issue of guilt.
>
> A defendant removed from the courtroom must be given the opportunity of learning of the trial proceedings through his counsel at reasonable intervals as directed by the court and

> must be given opportunity to return to the courtroom during the trial upon assurance of his good behavior.

N.C. Gen. Stat. § 15A-1032 (2021). Here, the trial court warned Defendant—outside the presence of the jury—that his continued conduct, including his refusal to appear, would not be permitted to delay the trial further. The trial court also stated on the record, outside the presence of the jury, the reasons for determining Defendant's conduct was disruptive of the proceedings. The trial court also appropriately instructed the jury not to consider Defendant's absence in determining Defendant's guilt. Finally, the trial court instructed Defendant's trial counsel to try and meet or talk with Defendant during breaks in the proceedings and repeatedly offered Defendant the opportunity to return to the courtroom—and Defendant ultimately did return to the courtroom prior to the conclusion of the evidence. Defendant makes no argument the trial court failed to comply with the statute or in finding Defendant's behavior disruptive so as to justify proceeding in Defendant's absence. As such, this provides a separate ground to affirm the trial court.

Thus, Defendant, though his actions, waived his right to be present during a portion of trial by actively refusing the trial court's repeated offers for Defendant to attend trial made during multiple colloquies between Defendant and the trial court. Therefore, the trial court did not err in permitting the trial to proceed, in part, in Defendant's absence. Consequently, the trial court, in turn, did not err in entering judgment upon the jury's verdict resulting from that trial.

## <u>Conclusion</u>

Accordingly, for the foregoing reasons, we conclude there was no error at trial and affirm the trial court's 17 November 2021 Judgment.

NO ERROR.

Judges ZACHARY and GRIFFIN concur.